J. & B. MANUFACTURING Co., et al. *v.* COCHRAN.

Jan. 26, 1953

No. 38636 17 Adv. S. 18 62 So. 2d 378

 

*Rae Bryant,* for appellants.

*O. F. & J. O. Moss,* for appellee.

HALL, J.

This appeal is from a judgment of the circuit court affirming an award of the Workmen's Compensation Commission in favor of appellee for a hernia sustained by him in the course of his employment.

Appellants, the employer and its insurance carrier, contend that the claimant's testimony, coupled with the physical facts and surrounding circumstances, do not support his claim as falling within that part of the Compensation Act with reference to hernia, Chapter 412,

Laws of 1950, Section 6, paragraph (f), amending Section 8 of Chapter 354, Laws of 1948, found as Section 6998-12 of the Supplement to Code of 1942, the applicable portion of which is as follows:

"(f) In all cases of claim for hernia, it shall be shown by a preponderance of the evidence:

"1. That the descent or protrusion of the hernia or rupture immediately followed as the result of sudden effort, severe strain, or the application of force to the abdominal wall;

"2. That there was severe pain in the region of the hernia or rupture;

"3. That there has been no descent or protrusion of the hernia or rupture prior to the accident for which compensation is claimed;

"4. That the physical distress resulting from the descent or protrusion of the hernia or rupture was noticed immediately by claimant, and communicated to his employer within a reasonable time;

"5. That the physical distress following the descent or protrusion of the hernia or rupture was such as to require the attendance of a licensed physician or surgeon within five (5) days after the injury for which compensation is claimed. Post-operative hernias shall be considered as original hernias."

The evidence is that the employer was engaged in the construction of a building at Keesler Air Force Base near Biloxi. Concrete for the ground floor and the second floor had been poured. As a support for the concrete used in the second floor until it had hardened the employer had used metal pans about twelve feet in length, about three feet in width and about six inches in depth with a flange of an inch or two in width. These pans were placed with the bottom side up. The metal was about one-eighth of an inch in thickness and the pans weighed approximately 150 pounds each. The concrete had hardened and the employer was engaged in taking

down the pans. Three men were engaged in doing this work. They were required to stand on a kind of scaffold about three feet above the ground floor. Claimant and a fellow servant were required to reach above their heads and grasp the pans with their hands while the foreman pried the pan loose from the hardened concrete with a kind of crowbar, and they were then required to lower the pan to the platform of the scaffold on which they were standing. The hours of work were from 7 a. m. until 3:30 p. m. with one-half hour off for lunch. At about 2:30 p. m. on April 17, 1951, while claimant and his fellow servant were engaged in lowering one of these pans, the fellow servant lost his hold and dropped his side of the pan. This gave the claimant a severe jerk and subjected him to a heavy strain. He testified that he immediately felt a stinging sensation in the inguinal region and in a few minutes felt a protrusion at that point. He continued to work for about another hour when the crew quit for the day. That night he was nauseated and unable to sleep. The next morning he reported the incident to his foreman who sent him to the first aid station and on the following day he was sent to the company's doctor. That doctor found him suffering from a hydrocele and prescribed a belt of some type which claimant obtained and started wearing. His condition did not improve and about a month later the company's doctor found that claimant was suffering with a double hernia,—one side complete and the other side incomplete. It was established beyond question that claimant had no hernia prior to the accident and that the only cure for his injury will be a radical surgical operation.

From the foregoing statement of the facts it is readily seen that this case falls squarely within the five quoted requirements of the statute. The attorney-referee, however, before whom the hearing was first had, after finding as a fact that claimant has a double hernia and

did not have it prior to the accident, denied a recovery upon the ground that under the physical facts the dropping of the pan by one employee would not place any strain upon the other but would rather tend to lessen the weight and strain upon him. Upon a review before the commission that body reversed the finding of the attorney-referee and awarded compensation under the act, which action, as first stated herein, was affirmed upon an appeal to the circuit court. Appellants argue that the attorney-referee was in a better position than the commission to evaluate the testimony and that his conclusion should stand instead of the judgment of the commission. We do not agree with that contention. The commission must have been impressed, as we are, with the fact that the attorney-referee's reason for denying recovery was wholly unjustified. Our conclusion does no violence whatever to the rule well recognized in this State, and upon which appellants rely, that recoveries must rest upon reasonable probabilities and that where the evidence is so contrary to the probabilities when weighed in the light of common knowledge, common experience, and common sense that impartial, reasonable minds cannot accept it other than as clearly an improbability, it will not support a recovery. Applying common knowledge, common experience, and common sense to the facts here presented, it is not only reasonable but highly probable that when two men are engaged in lowering a heavy object, such as that involved in this case, and when it has reached a point about head-high or shoulder-high one of them loses his grasp, a sudden, unexpected and severe strain will be placed upon the other man. Our view is fortified by the fact that claimant had no hernia prior to this accident and did experience severe pain and physical distress immediately thereafter which culminated in the complete hernia. Since we find no error in the record, the judgment of the lower court will be affirmed and the cause will be

remanded to the Compensation Commission for administration and supervision of the payments to be made to the claimant.

Appellee contends that in the event of affirmance we should allow interest and statutory damages upon his recovery. ██ Neither the order of the commission nor the judgment of the circuit court awards any definite or fixed sum of money. Both simply adjudicate that the claimant shall have all the benefits of the compensation act as related to hernia. Under the act the claimant will be entitled to compensation for twenty-six weeks unless he should refuse to submit to a surgical operation, in which event he is entitled to only thirteen weeks compensation. If he submits to an operation he is entitled to a sum not exceeding $250 for medical, surgical and hospital care and attention. If he should refuse an operation, he is entitled, in addition to the thirteen weeks compensation, to recover not exceeding $250 for medical and hospital care and services and for a proper and necessary truss or other mechanical appliance to enable him to resume work. Thus it is seen that the amount to be paid him is not at this time a definite and fixed sum, even though it is established that the weekly payments are $25 each. The question of our allowing damages under such circumstances was before us on a motion to correct judgment in the case of Mills, et al. v. Jones, 213 Miss. 680, 685-686, 57 So. 2d 496, and we there held that damages are allowable under the judgment of this Court only when a fixed amount of compensation is awarded in the lower court. The allowance of damages in a case of this type is a matter for the legislature. As to interest on the weekly payments we are of the opinion that each payment should bear interest at the rate of 6% per annum from its due date.

Affirmed and remanded.

*McGehee, C. J.,* and *Holmes, Arrington,* and *Lotterhos, JJ.,* concur.