Mississippi Products, Inc. *v.* Gordy.

No. 39677          June 13, 1955          80 So. 2d 793

*Wright, Overstreet & Kuykendall,* Jackson, for appellant.

*Travis & Moore,* Jackson, for appellee.

Holmes, J.

The appellee, S. A. Gordy, suffered a heart attack on February 6, 1953 while in the employment of the appellant, Mississippi Products, Inc. His heart condition was diagnosed as a coronary occlusion resulting in a myocardial infarction. The appellee's employer was qualified as a self-insurer under the provisions of the Mississippi Workmen's Compensation Act, and the appellee filed a

claim for benefits under the Act, claiming that his heart attack arose out of and in the course of his employment and was a compensable injury within the purview of the Act. The claim was heard by the attorney-referee, who found from the evidence that the appellee's injury was an accidental injury arising out of and in the course of his employment and that the same was compensable. He further found that the appellee had suffered a fifty percent permanent partial disability and he awarded compensation to the appellee in the amount of $25 per week for 450 weeks, and ordered that the employer pay certain medical benefits. On a review by the full Commission, the order of the attorney-referee was affirmed. On appeal to the circuit court, the award of compensation as made by the attorney-referee and the commission was affirmed. The appellant appeals from the judgment of the circuit court and the appellee has prosecuted a cross-appeal, complaining that the attorney-referee erred in failing to assess the employer with penalties for failure to file a report of the claimant's injury and in disallowing medical benefits to the claimant as provided for in Section 7 of the Mississippi Workmen's Compensation Act.

The record discloses the following: The appellee at the time of the trial was approximately 44 years of age. He lived on a farm on Highway 51 about three miles south of Canton. He owned about five acres of land on which his dwelling was located, and in addition thereto, he owned approximately 58 acres of land across the highway and about one-half mile from his dwelling, and on which he had about 31 head of cattle. His family physician, Dr. John B. Howell, Jr., testified that he examined the appellee on October 29, 1948, and found him to be overweight and to have a moderate hypertension, and that in May, 1950 the appellee suffered a coronary occlusion and was advised to rest for about six weeks and not to indulge in strenuous activity . Both the appellee and his wife testified that the appellee was not advised that his

trouble in May, 1950 was a heart ailment, but thought that it was due to some form of food poisoning.

On October 4, 1951, the appellee was employed by the appellant to work in its plant at Jackson, Mississippi, and continued in such employment until he was laid off in July, 1953 with about twenty other employees. He drove back and forth in an automobile or truck from his home to appellant's plant in Jackson. He was employed as a millwright, and in the performance of his duties he serviced the motor vehicles of the appellant, greasing them, changing the oil, removing batteries and cylinder heads, and performing generally the duties of an automobile mechanic in the maintenance of the vehicles. His average weekly wage was $75.16 per week.

On or about May 29, 1952, when undertaking to lift a battery from the carriage of a lumber carrier, he suffered a back injury which was found to be a ruptured intervertebral disc. He was advised by the employer's physicians to refrain from work for a while, and did so for about a month and received temporary total disability during such period. He then returned to his work and his employer was advised by its physicians, Drs. Warner and Twente, to place him on light work. The employer returned him to his usual job with instructions to do only light work and he was provided with a helper to assist him in doing the heavy lifting. The appellee was furnished a girdle for his back to relieve the strain and alleviate the suffering from his back injury. He received medical treatment by his employer's physician until October 13, 1952, at which time, Dr. Warner found that he had suffered a permanent disability of his back to the amount of ten percent. The appellee continued in his usual employment until December 23, 1952, when he suffered another back injury while undertaking, in the course of his employment, to remove a cylinder head weighing about forty pounds from an International truck. This injury was promptly reported to the nurse in charge of the employer's first aid station, who in turn referred

him to Dr. Warner for treatment. The appellee advised the employer's foreman that he was driving himself back and forth from his home to the plant and was suffering intense pain in his back which was radiating down into his leg, and he thought would be necessary to replace him and he asked that he be placed on lighter work. It was difficult to replace him in view of the fact that his employment was that of a skilled mechanic, and his employer asked that he remain on the job until someone could be found and trained to take his place. The appellee then continued about his usual duties at the plant. He was suffering excruciating pain in his back which required codeine to relieve. He suffered loss of sleep and was under an emotional strain from the pain, loss of sleep and anxiety over the security of his job.

On February 5, 1953, the appellee, after work, went to the office of his physician, Dr. Howell, in Canton, complaining of pains in his chest and radiating down into his arm. Dr. Howell advised him to return home and rest and gave him some papaverine. The next morning, February 6, 1953, the appellee returned to his work at the plant. The doctor had not advised him not to return to work on the morning of February 6, but had simply told him to go home and rest. The appellee said that he felt an obligation to his employer to return to work in view of his employer's request that he remain on the job until someone could be found and trained to take his place, and further felt that by not returning to his work he was risking the security of his job which was necessary to his livelihood and that of his family. He continued with his work at the plant on February 6, during which time the pain in his chest and arm increased. After completing the work day about 3:30 o'clock, P.M., he returned to his home and went immediately to bed without taking a bath or eating food. A few hours later he was seized with a coronary attack and taken immediately to the Kings Daughters' Hospital in Canton. His trouble was diagnosed as a coronary occlusion resulting in a myo-

cardial infarction. He remained in the hospital about eighteen days, and then returned home and was advised to rest for an additional period of approximately six weeks. After this period expired, he was sent to Dr. George Harvey of Jackson, who advised that he rest for an additional period of four to six weeks before returning to work. At the end of this period he returned to work, and on the recommendation of the doctor, he was placed on light work known as the screw driver job, which consisted of repairing hand drills and other types of light tools. He continued in his employment until July, 1953 when he was laid off with about twenty other employees of the appellant.

Dr. Warner examined him in July, 1953 and pronounced that he had a permanent disability to his back in the amount of ten percent. Dr. William H. Rosenblatt of Jackson, a cardio-vascular specialist, testified that the appellee had suffered a permanent disability to his heart in the amount of fifty percent.

Dr. John B. Howell, Jr. and Dr. William H. Rosenblatt testified that there was causal connection between the appellee's activities in his employment and his back injuries and the heart attack on February 5 and 6, 1953, and that in their opinion his work aggravated his previous condition and precipitated such attack.

Dr. George Harvey and Dr. T. E. Wilson testified that in their opinion there was no casual connection between the work performed by the appellee in the course of his employment and his back injuries and the heart attack suffered by him on February 5 and 6, 1953. Dr. Wilson testified on cross-examination that if it were shown that the appellee felt an obligation to continue in the work of his employment, and felt that his work was becoming insecure because of his physical condition caused by his back injuries, it would be apparent that the appellee would be under emotional strain and that such emotional strain would necessarily have to be considered as an aggravating and precipitating factor in

the appellee's heart attack suffered on February 5 and 6, 1953. Dr. Wilson further testified that he had not personally examined or treated the appellee and that a doctor who had examined and treated him would be in a better position to determine his condition and disability.

The appellant contends that the appellee should be denied recovery because (1) the proof fails to show causal connection between his disability from his heart attack and his work, and (2) because the aggravation of his pre-existing heart condition was caused by his negligence in returning to his work on the morning of February 6, 1953 in violation of his physician's instructions, and (3) because the appellee did not exercise reasonable care to minimize the effect of his injury, and (4) because he was guilty of misrepresentation in failing to disclose a prior heart ailment on his physical examination preliminary to his employment by the appellant.

Without reference to the provisions of the Workmen's Compensation Act, Section 6998-04, Code of 1942, providing that compensation shall be payable for disability or death of an employee from injury arising out of and in the course of his employment, without regard to fault as to the cause of the injury, the foregoing contentions of the appellant all embrace factual issues arising under conflicting evidence in this case, and these issues were decided adverse to the appellant by the Commission. The Commission's findings are supported by substantial evidence and we are, therefore, not warranted in disturbing them. Sones v. Southern Lumber Co., et al, 215 Miss. 148, 60 So. 2d 582; Brown Buick Company, et al v. Smith's Estate, 52 So. 2d 664; Thornton v. Magnolia Textiles, Inc., 55 So. 2d 172; Dowdle and Pearson, Inc. v. Hargrove, 75 So. 2d 277.

The Commission was amply warranted in finding from the evidence that the appellee's pre-existing heart trouble was aggravated and lighted up by the incidents of the work of his employment, and it is well settled under the decisions of this Court that where the work

of the employee aggravates a pre-existing disease or condition, the resulting injury is compensable. Ingalls Shipbuilding Corp., et al v. Byrd, 215 Miss. 234, 60 So. 2d 645; Cowart v. Pearl River Tung Co., 218 Miss. 472, 67 So. 2d 356; Pearson v. Dixie Electric Power Assn., 70 So. 2d 60.

Further, it is well settled under the decisions of this Court that the work of the employee need only be a contributing cause and not the sole cause of the injury in order that the injury be deemed to arise out of and in the course of the employment. Cowart v. Pearl River Tung Mo., supra; Pearson v. Dixie Electric Power Assn., supra; Tate v. Dr. Pepper Bottling Company, 70 So. 2d 602; Railway Express Agency v. Hollingsworth, 74 So. 2d 754; Sunnyland Contracting Co. v. Davis, 74 So. 2d 858; Thornbrough Well Servicing Co. v. Brown, 78 So. 2d 159.

We are accordingly of the opinion that we would not be warranted under the decisions of this Court in disturbing the Commission's findings that the appellee is entitled to compensation under the act.

It is further argued by the appellant, however, that the record does not reflect sufficient evidence to support the award made by the Commission in that there is not any evidence as to the wage earning capacity after his claimed heart injury. We held in the case of Karr v. Armstrong Tire and Rubber Company, 216 Miss. 132, 61 So. 2d 789, 791, followed with approval by Elliott v. Ross Carrier Co., 70 So. 2d 75, that our statute does not test the earning capacity by the comparative wages received before and after the injury, and that it is not a comparison of actual wage with actual wage. We think that the evidence was ample to justify the Commission in finding that the appellee suffered at least a fifty percent decrease in his earning capacity and in fixing the weekly award at $25 per week. The contention of the appellant, however, that the overall maximum award should be limited to $8600 must be sustained under the authority

of the case of J. F. Crowe Well Servicing Contractor, et al v. Curtis L. Fielder, No. 39, 663, decided by this Court on the 16th day of May, 1955, construing Section 6998-09 (c) (21), Code of 1942, to mean that the weekly benefits shall be limited to 450 weeks or $8600, whichever shall be the lesser. It follows that the award to the appellee must be limited accordingly and the order making the award is so modified. It is only fair to the attorney-referee, the Commission, and the circuit court to say that at the time of the hearing of this cause below the case of J. F. Crowe Well Servicing Contractor, et al v. Fielder, supra, had not been decided.

The appellee contends on his cross-appeal that the Commission erred in failing to assess penalities for failure to the employer to file a report of the claimant's injury as provided in Section 6998-34, Code of 1942, and in failing to allow certain medical benefits. We do not think that this contention is well founded. We find no abuse of discretion on the part of the Commission in not allowing penalties, nor do we feel warranted in saying that the Commission erred in not allowing medical benefits in addition to those provided for in the order of award.

It is our conclusion that the award of compensation made to the appellee should be limited to 450 weeks or $8600, whichever is the lesser, and that the order of award should be modified accordingly. The judgment of the court below is therefore affirmed as modified on direct appeal and affirmed on cross-appeal.

Affirmed as modified on direct appeal and affirmed on cross-appeal.

*Roberds, P. J.,* and *Lee, Arrington* and *Ethridge, JJ.,* concur.