GRUBBS *v.* REVELL FURNITURE CO., INC., et al.

No. 40904        November 10, 1958        106 So. 2d 390

*Leon E. Provine*, Grenada, for appellant.

*John S. Beach*, Jackson, for appellees.

HALL, J.

This is a workmen's compensation case. The claimant, T. L. Grubbs was in the employment of Revell Furniture Company and on May 26, 1955, he sustained an injury in the course of his employment.

At that time Mr. T. B. Revell, Sr. was the sole owner of the business, which owned two different stores in Grenada and one in Water Valley. The claimant was in the employment of the store at Water Valley. He had no back entrance to the store and the loading and unloading was required to be done on the street at the front of the store which was in the business section. On May 25th, the company, having previously decided to move the store from Water Valley to Grenada, was engaged in

loading a number of washing machines weighing 150 to 170 pounds each.

The claimant had no help at this store and he got the machines out on the sidewalk with the aid of a truck, and he was then required to pick up and lift the machines by bodily strength and place them on a pickup truck. He was a small man only five feet six inches tall and weighing 125 pounds, and the load was more than he could safely handle, so that his back sustained a serious injury or a prior weakness was aggravated.

On May 26th about the middle of the afternoon he went to see a doctor in Water Valley who examined him and found a severe tenderness in the back, with muscular spasm, and he testified that the pain was very severe, in fact so much so that he gave the claimant a shot of an opiate and instructed him to go back to the store and stay there for several hours. He said that the main trouble was in the fourth lumbar vertebra and the sacral joint. It was his opinion that the symptoms which he found indicated a slipped disc but recommended that he be examined by a specialist in that line.

The opiate put the claimant to sleep at a time when he was sitting at his desk and he slumped over and was found in that condition by the night policeman shortly before dark, who, with the aid of someone else, placed the claimant upon a bed in the store and sent for the doctor who came and said that the claimant was unable to drive his truck back to Grenada that night where his family lived, and they telephoned his wife at Grenada, who, with her daughter, came and got him.

On the next day the claimant instructed his wife to go and report the matter to the Revell Furniture Company, and he returned to Water Valley.

A doctor in Grenada who treated the claimant several years previously testified that the claimant had a bad back but he admitted on cross-examination that a back like the claimant's has more tendency to damage from lifting.

The claimant went to and was examined by Dr. George D. Purvis of Jackson, Mississippi, who was not used as a witness but he wrote a letter as to his findings which is in the file of the Commission, and in which he rated the claimant as having a permanent partial disability of 15% to 20%.

Section 6998-08, Sub Par. (b) provides that the Commission may cause the claimant to be examined by a physician selected by it in order to obtain a report containing his estimate of the disability and pursuant to this section, the attorney-referee, not being fully satisfied as to what degree of disability the claimant had suffered, had the claimant examined by Dr. W. T. Oakes who filed a report in writing with the Commission, which is in the file, to the effect that the claimant has tenderness at the lumbo sacral joint and that he can bend forward only 50% of normal and laterally only about 75% of normal, and that in his opinion the patient has a genuine complaint and that he would estimate his permanent disability at about 20%.

Dr. Oakes neglected to sign this letter but it is in the file of the Commission and is on the stationery of the Commission. The appellee makes mention of the fact that Dr. Oakes did not sign his letter in person but that it is signed only on the typewriter, and we merely mention the letter, not for the purpose of approving it as evidence, but to show a compliance with the request of the attorney-referee for an examination.

The attorney-referee found as a fact that the claimant was employed by the Revell Furniture Company at an average weekly wage of $75, that he had suffered an accidental injury which arose out of and in the course and scope of his employment, and that the company had notices of said accidental injury within the time required under the provisions of the Mississippi Workmen's Compensation law, and that he was partially and permanently disabled to the extent of 15% to the body as a whole, and

that such disability has resulted in a loss of 17% wage-earning capacity and that since May 26, 1955, his earning capacity has been and is $62.32 per week. We think the evidence amply justifies all of these findings, and on the basis thereof the attorney-referee awarded compensation to the claimant for permanent partial disability as provided by Section 8 (c) (21) of the Mississippi Workmen's Compensation law.

From that finding the company appealed to the full Commission. A date was set for the hearing and on the date fixed one member of the Commission was absent because of a death in his family and it was tried before the other two Commissioners who disagreed in their findings, one being of the opinion that the findings of the attorney-referee should be approved and the other being of the opinion that it should be reversed. The two commissioners were of the opinion that it took a majority to reverse the attorney-referee and accordingly they entered an order affirming his award. Later there was a suggestion of error filed to this order and all three commissioners signed an order overruling the same and denying a motion for a rehearing of the case. From this action of the commissioners, the employer appealed to the circuit court. The circuit judge, under Section 6998-26, was due to review all questions of laws and of fact in the case, and, if prejudicial error be found, the same should be reversed and the circuit court enter such judgment or award as the Commission should have entered. The order of the circuit judge recites that he has examined the record and heard and considered the arguments of the attorneys for the respective parties and is of the opinion and so finds "that the orders heretofore entered by the attorney-referee and by the Mississippi Workmen's Compensation Commission contain prejudicial error and should be reversed and that a judgment should here be entered in favor of the employer and the carrier and the claim of claimant herein should be disallowed and dismissed." Nowhere in the order of reversal or in

the entire record is there any showing as to why the circuit judge was of the opinion that there was prejudicial error in the findings of the attorney-referee and Commission. We are therefore left completely in the dark as to the reason why the circuit judge reversed the orders of the attorney-referee and Commission. He did not point out what kind of prejudicial error there was and we are wholly unable to guess. He did not say that the attorney-referee and Commission had no substantial evidence to support their findings and conclusions or whether or not such findings and conclusions are against the weight of the evidence. In the case of Employers Insurance Company of Alabama, et al. v. Dean, 86 So. 2d 307, not yet reported in the State Reports, the Court said: ''Counsel say in their briefs that the only question now presented to us on this appeal is whether or not the findings of the lower tribunals should, or should not, be sustained. That depends upon whether the lower tribunals had substantial evidence to support their findings and conclusions, or, stating the test differently, whether or not such findings and conclusions are against the great weight of the evidence. Sones v. Southern Lumber Co., 215 Miss. 148, 60 So. 2d 582.''

■■ We do not hold that the circuit court erred in failing to make any findings of laws and of fact, but we do say that we have carefully examined the entire record, and we find that the findings of the lower tribunals are supported by substantial evidence and are not against the great weight of the evidence, and that the claimant fully met the burden of proof placed upon him by the Act. Oatis v. Williamson & Williamson Lumber Co., et al., 92 So. 2d 557, not yet reported in the State Reports.

■■ We conclude that since the appellee has not pointed out any prejudicial error in the case and since the circuit judge failed to point out any, that the judgment of the lower court should be reversed and the orders of the attorney-referee and the Commission should be affirmed, and the cause will be remanded to the Commis-

sion for further proceedings in accordance with this opinion.

Since the circuit court did not award any damages, we are unable to here allow the statutory five percent as damages, but the counsel for appellant is hereby allowed as a fee for his services one-third of the total amount collected in this case, and interest is awarded on the weekly payments of compensation, each payment to bear interest at the rate of six percent per annum from its due date. Mills, et al. v. Jones, 213 Miss. 680, 685, 57 So. 2d 406; J. & B. Manufacturing Company v. Cochran, 216 Miss. 336, 341, 62 So. 2d 378; Goodnite v. Farm Equipment Company and National Surety Corporation, No. 40,825, this day decided and not yet reported.

Reversed and remanded.

*Roberds, P. J.*, and *Lee, Kyle* and *Holmes, JJ.*, concur.