FRANKS v. THE GOYER COMPANY, et al.

No. 40984          January 12, 1959          108 So. 2d 217

834

*Fountain D. Dawson,* Greenville, for appellant.

*Farish, Keady & Campbell,* Greenville, for appellees.

HALL, J.

Robert Bert Franks, Sr., was in the employment of appellee at its branch in Cleveland, Mississippi. His duty was to drive a gasoline tank truck and make deliveries of gasoline in that vicinity as well as oil, grease and tires. At times he was called on to deliver diesel fuel at farms and this required him to fill and handle cans of such fuel. On September 6, 1955, while returning to

the company's place of business in Cleveland he drove across a railroad track near town and his truck struck a bump, and a severe pain hit him in the chest. He drove on back to the company's office and reported the matter to his superior, complaining of severe chest pains. The manager called for Dr. Oscar E. Ringold who was unable to come at the time and sent his associate Dr. Fitzgerald. He examined Mr. Franks, gave him a shot and sent him to the hospital where he remained for about ten days, during which time his trouble was diagnosed as pneumonitis virus, acute.

After his return to work Mr. Franks suffered another attack and Dr. Ringold was again called and he gave him another shot and sent him back to the hospital where he remained about ten days and was released under instructions to go home and rest which he did for about two or three weeks after which he returned to work. His trouble on this occasion was diagnosed as coronary insufficiency.

After he returned to work he had a third attack and was then sent by Dr. Ringold to Greenwood for an examination by Dr. Bright who kept him in a hospital for one week for study and diagnosis. He did not testify and his diagnosis does not appear in the record.

Mr. Franks continued with his employment, having intermittent attacks with his heart, and Dr. Ringold eventually diagnosed his trouble as angina pectoris with hypertension and arteriosclerosis, and his employer finally told him on April 2, 1956, that he was physically unable to work and laid him off. From that date on he held no employment and finally died on January 13, 1957. During all this time he never applied for compensation benefits. His widow and sole dependent filed a claim for death compensation on September 7, 1957.

In passing on this case the attorney-referee pointed out that Dr. Ringold was the only medical witness and he testified that in his opinion the work of the deceased

might have aggravated the conditions causing his death, that the attacks were possibly related to his work, that the work could have been one of the contributing factors, but that he could not say that the work caused such condition. The attorney-referee concluded his findings with the statement that when all the evidence is considered, "I am of the opinion that the death of Robert Bert Franks, Sr., was causally related to the activities of his employment from September 6, 1955, to April 2, 1956", and accordingly he awarded death benefits as provided by the Compensation Act. This order is dated December 17, 1957. On appeal to the Commission, that body by a majority vote on March 10, 1958, reversed the attorney-referee and denied the claim, and on appeal to the Circuit Court it affirmed the action of the Commission on April 9, 1958, from which the widow appeals here, contending that she is entitled to have the opinion of the attorney-referee reinstated.

In Larson on Workmen's Compensation, Vol. 1, page 564, paragraph 38.83, in discussing the question of medical causation in heart cases, the author says: "There must still be an unexpected result, and there must still be an exertion—some exertion—capable medically of causing the collapse. This can by no means be taken for granted. * * * The natural progress of the disease may bring it to its fatal climax during working hours, but if the employee's activity at the time involves no effort, or effort which cannot support medically a causal connection, it can be rightly said that the outcome was neither accidental nor causally related to the employment. It was not accidental simply because it did not happen by chance; it happened by the inexorable march of the disease. * * * As the unusual exertion requirement becomes more and more weakened by exceptions and interpretations, the burden of keeping this class of cases within proper bounds falls squarely on the shoulders of the expert medical witness and the expert trier of fact."

In the case of Mrs. Helen Rushing v. Water Valley Coca Cola Bottling Co., et al., 98 So. 2d 870, 874, not yet reported in the State Reports, this Court quoted the above from Larson with approval and said: "Where, as in this case, it is shown that the employee has died from a heart attack, in order to make out a prima facie case, the claimants must show, in addition to the heart ailment, that the work aggravated, accelerated or precipitated the heart attack, and that the two conditions together caused the death of the deceased. The sole question here is whether the claimants carried the burden of showing that Rushing's exertion in and about the duties of his employment contributed to or precipitated the heart attack which resulted in his death. The Commission, which is the fact finding tribunal in compensation cases, found that the evidence was not sufficient to show that Rushing's exertion in moving the cases of crowns from one side of the float to the other contributed to the heart attack. The Commission did not have the benefit of medical opinion in arriving at their decision on the point, and in the absence of such medical opinion, we think that it cannot be said that the Commission was manifestly wrong in denying the claim."

At this point we might say that Dr. Ringold was offered as a witness for the claimant. We have carefully studied his testimony and we say that not one time did he say that in his opinion the deceased's work contributed to his death, or that there was any causal connection between the employment and death. Without quoting at length the various questions which were propounded to him in an effort to get him to express such an opinion, the very most that he said can be gleaned from such answers as "It might", "It could have", "It's possible", and "It might be."

In 100 C. J. S., page 490, Workmen's Compensation, Section 521, it is said: "It has been held, however, that mere possibility does not suffice to forge the causal link between accident and disability, and petitioner must

do more than show that his disability could have been the result of accident."

■■■ In 100 C. J. S., page 472, Workmen's Compensation, Section 516, it is said: "The burden of proof in a workmen's compensation proceeding is on the one asserting the affirmative of a contested issue so that ordinarily the compensation claimant has the burden of proving his case in all its parts." ·

· In Oatis v. Williamson, et al., 92 So. 2d 557, 558, not yet reported in the State Reports, we said: "The burden of proof was upon the claimant to prove facts prerequisite to recovery."

■■ ■ Boiling down the evidence for the claimant, it does not show a probability that deceased's work contributed to or aggravated or accelerated his heart trouble, but is shows only a bare possibility. Long before Mississippi had a Workmen's Compensation Law, ■■■ this Court has repeatedly held that recoveries must rest upon reasonable probabilities and not upon mere possibilities. See Illinois Central Railroad.Company v. Cathy, 70 Miss. 332, 12 So. 253; Kramer Service, Inc. v. Wilkins, 184 Miss. 483, 186 So. 625; Tombigbee Electric Power Association v. Gandy, 216 Miss. 444, 62 So. 2d 567, and the long list of like cases cited in 216 Miss. at page 456.

For the reasons given, we conclude that the judgment appealed from must be affirmed .

Affirmed.

*McGehee, C. J.*, and *Lee, Kyle* and *Holmes, JJ.*, concur.