Capitol Broadcasting Company, et al. *v.* Wilkerson

No. 41673          January 30, 1961          126 So. 2d 242

*Butler, Snow, O'Mara, Stevens & Cannada,* Jackson, for appellant.

*Bob Ray,* Jackson, for appellee.

RODGERS, J.

This case came to this Court from the Circuit Court of the First Judicial District of Hinds County, Mississippi, where an order was entered by the circuit judge reversing an order previously entered by the Workmen's Compensation Commission. The attorney-referee had entered an order denying the claim of F. E. Wilkerson, Jr., for compensation under the Workmen's Compensation Act of 1948, as amended. The Commission had, by a majority vote, affirmed the order of the attorney-referee denying the claim. One member of the Commission, however, had written a dissenting opinion in favor of allowing the claim.

The claim for compensation in this case is based upon the following facts: Mr. F. E. Wilkerson, Jr., had worked for the Capitol Broadcasting Company for a period of about twenty years. He began work for this company when the City of Jackson was a small city, and there was little competition to his business. He had remained with the company while it grew and the listening pub-

lic grew larger, and other broadcasting companies were licensed to do business within this area. Television stations were built and the advertising business became highly competitive, not only with competing radio broadcasting stations but also with newspapers and other agencies of advertisement. The claimant was anxious to advance the business of his company, and worked long hours in an effort to meet the ever increasing competition. He was often tired; he enjoyed his work, however, and liked his employer, who was the owner of the station; nevertheless, when the business was ''off'' his employer would often press him about ''getting the business back up.'' He began to experience a ''pounding in his head'' and called on his family physician for a physical examination. The doctor discovered that he had hypertension, or high blood pressure. He was treated for this trouble for three or four years. Claimant's family doctor believed at that time he was under an emotional strain and recommended that he rest. The claimant, however, never complained to his doctor ''about being overworked.''

On the late afternoon of March 5, 1958, the claimant, a 49 year old white, male citizen of the City of Jackson, went home ''a little tired'' after a hard work day. He read the newspaper, ate supper, and about nine o'clock P.M. he retired for the evening. After he had been in bed for about thirty or forty minutes, he experienced a pain cross his chest and immediately requested his wife to call his family doctor. When the doctor arrived, he gave claimant a hypodermic and immediately called Dr. James A. Chustz. Claimant was taken to a local hospital where he remained for twenty-seven days. He was then released and returned to his work at the broadcasting station. His work since has been on a limited schedule. His illness was diagnosed as a heart attack.

██ The witnesses for the complainant, both lay and expert, have testified to facts and opinions to the effect that claimant's work done for the broadcasting sta-

tion either contributed to, accelerated or precipitated his heart attack. The witnesses for the appellants were just as fervent in their medical opinion that the myocardial infarction was brought about as a result of arteriosclerosis. The expert medical witnesses for the appellant are of the opinion that under the facts in this case, presented to the witness by a hypothetical question or upon actual examination, claimant's work did not aggrevate, accelerate or contribute to, nor precipitate his heart attack. Arteriosclerosis is the medical name given a disease where the thickening and narrowing of the coronary artery channels is present; the cause of the disease is unknown. This disease is said to occur more in men than in women, but there is no substantial evidence from which the medical profession can conclude that it occurs more often in one profession or occupation than in another. It cannot, therefore, be said to be an occupational disease. In diseases of this sort, workmen's compensation claims are allowed on the basis of causal connection.

The question presented to the Commission was: Was claimant's disease aggravated, accelerated, contributed to, or was a collapse precipitated by his work or occupation? The medical profession has certain methods by which it can reasonably determine whether or not a claimant's work aggravated, accelerated, contributed to, or precipitated an acute myo-cardial infarction. A problem for determination by the Workmen's Compensation Commission arises when medical experts disagree as to the application of the method used for determining causal connection with claimant's work.

This Court has heard many cases where the evidence has revealed the factors by which the medical profession determined the causal connection with the work of the claimant. A great many of these cases have been cited in the splendid briefs presented by the attorneys for the parties in this case. The court also has certain methods of determining conflicting claims and

conflicting evidence. One method is: The burden of proof is upon the claimant to establish his claim before the Workmen's Compensation Commission. T. H. Mastin & Co. v. Mangum, 215 Miss. 454, 61 So. 2d 298; Williamson v. Williamson Lumber Co., 230 Miss. 270, 92 So. 2d 557; Franks v. Goyer Co., 234 Miss. 833, 108 So. 2d 217; Smith v. St. Catherine Gravel Co., 220 Miss. 462, 71 So. 2d 221.

■■■ The testimony in this case is conflicting between the claimant's witnesses and the witnesses of the defendants as to causal connection of claimant's illness, to his work. This Court has repeatedly held that the Workmen's Compensation Commission is the trier of facts, and on appeal the Commission's order will be respected, and if supported by substantial evidence will be sustained. Brown Buick Company v. Smith Estate, 52 So. 2d 664; Thornton v. Magnolia Textiles, 55 So. 2d 172; Barry v. Sanders Company, 211 Miss. 656, 52 So. 2d 493; Fischer v. Gloster Lumber Company, 57 So. 2d 871; Smith v. St. Catherine Gravel Co., 220 Miss. 462, 71 So. 2d 221; Railway Express Agency v. Hollingsworth, 221 Miss. 688, 74 So. 2d 754; Dowdle & Pearson v. Hargrove, 222 Miss. 64, 75 So. 2d 277; Dillon v. Gasoline Plant Construction Corp., 222 Miss. 10, 75 So. 2d 80; Sones v. Southern Lumber Co., 215 Miss. 148, 60 So. 2d 582; Miss. Products, Inc. v. Gordy, 224 Miss. 690, 80 So. 2d 793.

■■■ The Commission having decided against the claim of the appellant, and there being substantial evidence to support its order, we are of the opinion that the learned trial judge erred in entering an order reversing the judgment of the Workmen's Compensation Commission. It is, therefore, the order of this Court that the judgment of the circuit court be and is hereby reversed and the order of the Commission reinstated.

Reversed and order of Workmen's Compensation Commission reinstated.

*Lee, Arrington, Ethridge,* and *McElroy, JJ.,* concur.