MORGAN, JONES AND GILLIS, et al. *v.* ELMORE

No. 42294          April 16, 1962          139 So. 2d 856

*Brewer, Brewer & Luckett,* Clarksdale, for appellants.

*Charles C. Finch,* Batesville; *J. A. Travis, Jr.,* Jackson, for appellee.

38

McElroy, J.

This is another workmen's compensation case in which the attorney-referee approved the claim and after an examination, the Commission allowed the compensation. It was appealed to the circuit court and was affirmed, except the circuit court disallowed the penalties awarded by the Commission. The main points raised in this case are thoroughly covered in Armstrong Tire and Rubber Company, et al. v. Franks, (Miss. 1962), 137 So. 2d 141. The case is therefore affirmed both as to the appellant and cross-appellant.

Affirmed on both direct and cross appeals.

*McGehee, C. J.,* and *Arrington, Rodgers,* and *Jones, JJ.,* concur.

### ON MOTION TO CORRECT JUDGMENT

Etheridge, J.

The judgment of the circuit court, which in turn affirmed the Workmen's Compensation Commission, except as to penalties, was affirmed by this Court. A memorandum opinion made no specific reference to interest, but the judgment awarded appellee interest from the due date of each weekly installment of compensation until paid.

This motion by appellants to correct the judgment argues that, because the attorney referee's hearing on the claim was postponed by appellee until January 16, 1961, they are liable for interest only from that date. The criteria of liability for interest are different from

those for statutory penalties. It has been held on many occasions that interest should be allowed on each weekly installment of the award at the rate of six per cent per annum from its due date until paid. M. T. Reed Construction Co. v. Martin, 215 Miss. 472, 478, 61 So. 2d 300 (1952); J & B Manufacturing Co. v. Cochran, 216 Miss. 336, 341, 62 So. 2d 378 (1953); Goodnite v. Farm Equipment Co., 234 Miss. 342, 356, 103 So. 2d 391 (1958); Central Electric Power Assn. v. Hicks, 236 Miss. 378, 394, 110 So. 2d 351 (1959).

*Goodnite* in particular discusses the reasons for an award of interest. They are applicable here as well as in the numerous other cases applying the same rule. Hence appellants' motion to correct judgment is overruled. Appellee's motion to strike it is moot.

Motion to correct judgment overruled.

All Justices concur.