WELLS-LAMONT CORPORATION, et al. *v.* WATKINS

No. 42634          April 8, 1963          151 So. 2d 600

*Daniel, Coker & Horton, Fred Lotterhos,* Jackson, for appellants.

*Laurel G. Weir, Clayton Lewis,* Philadelphia, for appellee.

RODGERS, J.

This is a workmen's compensation case. The attorney-referee dismissed the claim of appellee, Mrs. Fannie

"V." Watkins against the employer, Wells-Lamont Corporation, in which she sought compensation benefits for disability growing out of an alleged accident. The employee filed a motion addressed to the attorney-referee and the Workmen's Compensation Commission requesting an order setting aside the order of the attorney-referee so that she could introduce Dr. George D. Purvis, the surgeon who operated on her, for the purpose of showing that the accident she had sustained caused her present disability, and requested that the Commission direct an examination of claimant by a "disinterested physician". The Commission entered an order overruling the motion to reopen upon the ground that "the statute provides for only one way whereby the Commission can alter or change an attorney-referee's order and it is by motion for review * * *". After the order of the Commission was entered, the employer and carrier filed a response in which they admitted that they had given notice that they would use Dr. Purvis, but after claimant rested her case, it was not necessary for defendants to call Dr. Purvis.

The claimant filed a petition for review before the full Workmen's Compensation Commission, setting out that defendants had requested a recess hearing to take the testimony of Dr. George Purvis in Jackson, Mississippi. The claimant filed another motion asking that she be permitted to introduce Dr. P. H. Rhymes, and that his testimony would show "the injuries sustained on said occasion had permanently disabled her for lifetime." On June 1, 1962, the Commission entered an order sustaining the order of the attorney-referee.

The claimant appealed to the Circuit Court of Neshoba County, and the circuit court entered a judgment reversing the order of the Workmen's Compensation Commission. The court held that it was error for the attorney-referee and the Commission to have sustained a motion filed by the employer and carrier to dismiss

the case, and it stated that it was the duty of the Commission to fully develop the issues involved between the parties and to admit additional testimony.

The employer and insurance carrier have appealed to this Court and alleged that the circuit court erred in its interpretation of the Mississippi Workmen's Compensation Law in finding that the Commission abused its discretion in sustaining the order of the attorney-referee to dismiss the claim of Mrs. Fannie "V." Watkins, and in refusing to hear additional testimony supporting her claim.

The testimony in the record reveals that Mrs. Fannie "V." Watkins had worked for Wells-Lamont Corporation for a little over five years and that she had been able to work during that time, although she admitted she had previously had trouble with her back. She testified that in the afternoon of April 3, 1961, while working for the appellant-employer she pulled a case of gloves in a stooped position across the floor and hit a rough place or something and jerked her back. She testified she reported such occurrence to the acting "floor lady." The testimony further reveals that the complainant went to Dr. Moore the next day, and the following day she entered the hospital on his advice, where she remained eleven days. She was later required to go back to the hospital two additional times before she was finally sent by Dr. Moore to Dr. Purvis in Jackson, Mississippi. She underwent an operation in which a bone was removed from her hip and put in the lower part of her back. She testified that she has been unable to do any work since her injury.

Dr. Moore had diagnosed her trouble as "myositis", an inflammatory disease of the muscle, later, however, Dr. Moore had felt that claimant "possibly had a ruptured disc" and had sent her to Dr. George Purvis, an orthopedic surgeon. Dr. Moore testified about the operation and stated that she had been totally disabled

since April 4, 1961, and that her disability was caused by back condition. He further stated that she was in such extreme pain at the time she came to him that she was relying on narcotics for relief. In answer to the question of whether the disability she suffered could have been aggravated or accelerated as the result of a sprain or strain, he said ''There is a possibility that it could have been aggravated by an injury.'' In answer to a hypothetical question, stating the testimony with reference to the injury, he stated ''Well, my only answer to that is that it is a possibility.''

The motion of the employer and insurance carrier filed with the attorney-referee to dismiss was based upon the theory that the claim of Mrs. Fannie ''V.'' Watkins was not supported by medical testimony, leading to a medical conclusion, based upon a reasonable probability that the present disability of claimant was caused by an accident, or that said accident aggravated, contributed to, or accelerated a previous disability so as to prevent the employee from performing her duty as a worker.

## I.

██ ██ We are in full accord with the authorities cited by appellant to the effect that the burden of proof is upon claimant to establish her claim, ██ ██ and in so doing claimant must show that her present disability (inability to earn wages) resulted from an injury she received while employed by the employer, or she must at least show that such injury was a substantial cause of her disability. ██ ██ Moreover, in cases where claimant's inability to perform her duty as an employee is based upon a combination of the injury and a prior disability, the claimant must show that the accident arose out of, and in the course of, employment, and must show that her disability was aggravated, accelerated or contributed to by the injury which caused her present in-

ability to earn wages. Franks v. The Goyer Co., 234 Miss. 833, 108 So. 2d 217; Ingalls Shipbuilding Corp. v. Howell, 221 Miss. 824, 74 So. 2d 863; Potts v. Lowery, 242 Miss. 300, 134 So. 2d 474; Smith v. St. Catherine Gravel Co., 220 Miss. 462, 71 So. 2d 221; 100 C. J. S., Workmen's Compensation, Sec. 516, p. 472.

In the instant case, the proof stands uncontradicted that Mrs. Watkins was injured on April 3, 1961, and that she was in such pain as to require narcotics; that prior to the injury she had been able to work, and immediately thereafter it became necessary for her to go to the hospital on three occasions, and finally had to undergo an operation. Dr. Moore testified she is now totally disabled to earn wages.

Appellant contends that Dr. Moore's testimony was insufficient to show a causal connection between the accident and claimant's disability, and that Sec. 6998-02 (9), Miss. Code 1942, requires that claimant's incapacity and the extent thereof must be supported by medical findings. Appellant points out that a mere "possibility" that an alleged injury might have hastened, aggravated, lighted up, or worsened the claimant's condition is insufficient to establish the claim under our Workmen's Compensation Law. Citing Welborn v. Joe N. Miles & Sons Lbr. Co., 231 Miss. 827, 97 So. 2d 734; J. & B. Mfg. Co. v. Cochran, 216 Miss. 336, 62 So. 2d 378; Franks v. The Goyer Co., supra.

The issue in the instant case, however, is not that the claimant is required to prove her case in accordance with the foregoing authorities, but the issue here is whether or not she was prevented from so doing by an order of the attorney-referee dismissing her claim prematurely. It is true the claimant announced that she had rested her case, but it is obvious from the record that she expected the testimony of Dr. Purvis, the surgeon who performed the operation, to be taken by the attorney-referee.

The Workmen's Compensation Commission is a fact-finding agency, organized for the purpose of determining claims for compensation. The procedure before the Commission is not that prescribed for ordinary civil actions, brought in a regular trial court. Sec. 6998-24, Miss. Code 1942, prescribes the method of procedure and authorizes the "informal conferences and hearings in contested cases" and authorizes the procedure to be "determined by rules of the Commission." Sec. 6998-19 permits the Commission to "make such investigations, cause such medical examinations to be made, or hold such hearings, and take such further action as it considers will properly protect the rights of all parties."

Procedural Rule 9B of the Workmen's Compensation Commission prescribes that "Where additional evidence is offered on the review before the full Commission, it shall be admitted in the discretion of the Commission. A motion for the introduction of additional evidence must be made in writing at least five days prior to the date of the hearing of the review by the full Commission. Such motion must show the nature of the evidence desired to be presented on the initial hearing."

In the case of Scott Builders, Inc. v. Dependent of Joseph Lee Layton, Deceased, 244 Miss. 641, 145 So. 2d 165 (1962), this Court said: "This case illustrates the general impropriety of the Commission deciding a case on defendant's motion to dismiss a claim, without hearing all of the facts. This is the second case reaching this Court which went off on a motion to dismiss. In L. B. Priester & Son, Inc. v. Dependents of Bynum, 244 Miss. 185, 141 So. 2d 246, 142 So. 2d 30 (1962), the Commission sustained the employer's motion to dismiss the claim. * * * There was necessarily considerable delay in final disposition of that case. * * * Yet there has never been a full hearing on the matter and this cause, under our affirmance of the circuit court, is

being remanded to the Commission for full development of the facts. * * * Unless denial is based on matters which are jurisdictional or in abatement, the Workmen's Compensation Commission ordinarily should not dismiss a claim on a motion to dismiss, where it has not heard all of the evidence pertinent to the issues. * * * We do not say that a motion to dismiss is never proper, but the Commission should sustain such a motion only under the above-stated circumstances, or where, taking as true everything claimant's evidence tends to show, claimant clearly fails to establish that he is entitled to compensation.''

As a general rule, even in formal hearings in a regular trial court, the reopening of a case for the purpose of showing facts vital to the issue involved, is liberally allowed by the trial judge and a failure to do so may be considered an abuse of judicial discretion.

In the case of Moreland v. Newberger Cotton Co., 94 Miss. 572, 48 So. 187, this Court said: ''In this state of the record we are forced to conclude that the learned judge should have permitted plaintiff, even after argument, to reopen his case and prove, if he could, the non-existence of the custom as to payment, upon the existence of which defendant's whole case rested. The peremptory instruction can be justified only upon the idea that there was no conflict in the testimony, and the plaintiff ought to have been permitted, we think, though the application was out of time, to go before the court and jury upon all the facts of his case. The right of the cause demanded it in this particular case, and we think that the discretion of the court in this particular was not properly exercised.''

In the case of F. W. Woolworth Company v. Freeman, 193 Miss. 838, 11 So. 2d 447, this Court said: ''One other contention of the appellant is that the court below erred in permitting the appellee to testify further after she had rested her case and after a motion to exclude

her evidence had been made. No error here appears; *on the contrary, the court below would have abused its discretion* had it not permitted the introduction of this evidence.'' (Emphasis supplied.)

The right to reopen proceedings for the purpose of introducing testimony inadvertently omitted has been liberally allowed, even in criminal trials on formal hearing. See Lee v. State, 201 Miss. 423, 29 So. 2d 211; Summerville v. State, 207 Miss. 54, 41 So. 2d 377.

■■■ It may be said as a general rule that the right to reopen proceedings to take further evidence in workmen's compensation hearings is within the sound discretion of the hearing officer. 100 C. J. S., Workmen's Compensation, Sec. 596, pp. 843-844; Barfield v. Morris, 311 P. 2d 235; Ainsworth v. Long-Bell Lbr. Co., 233 Miss. 38, 101 So. 2d 100; Druey v. Ingalls Shipbuilding Corp., 237 Miss. 277, 114 So. 2d 772.

■■■ In the instant case, we are of the opinion that the attorney-referee should not have dismissed the claim until it had been fully developed, and we are of the further opinion that the Workmen's Compensation Commission should have permitted the introduction of the testimony on the motion of appellant under the peculiar circumstances in this case.

The order of the circuit judge setting aside the order of Workmen's Compensation Commission will therefore be affirmed and this case will be remanded to the Commission for further proceedings in accordance with this opinion.

Affirmed and remanded.

*McGehee, C. J., and Kyle, Ethridge and Jones, JJ.,* concur.