Aɪɴsᴡᴏʀᴛʜ *v.* Lᴏɴɢ-Bᴇʟʟ Lᴜᴍʙᴇʀ Cᴏᴍᴘᴀɴʏ, et al.

No. 40703 March 17, 1958 101 So. 2d 100

*J. P. Abston,* Meridian, for appellant.

*Watkins & Eager, Shelby Rogers,* Jackson, for appel-
lees.

HOLMES, J.

Claude Ainsworth was killed on October 11, 1955, on the premises of Long-Bell Lumber Company in Clarke County when a log fell on him while he was unloading logs from a truck. A claim for death benefits under the Mississippi Workmen's Compensation Act was filed on behalf of the widow and minor child of the deceased against Long-Bell Lumber Company and its insurance carrier, Fidelity and Casualty Company of New York. The claim was predicated upon the ground that at the time of the death of the deceased he was an employee of

Long-Bell Lumber Company and that his death arose out of and in the course of his employment.

The attorney-referee heard the claim and denied it, finding from the evidence that at the time of the death of the deceased he was an independent contractor and not an employee of Long-Bell Lumber Company within the contemplation of the Mississippi Workmen's Compensation Act. This action of the attorney-referee was affirmed by the Commission and by the circuit court. Hence this appeal is prosecuted on behalf of the claimants.

 It is here contended on behalf of the claimants that there is not substantial evidence to support the findings and orders of the attorney-referee and the Commission. The facts in this case in all material respects are similar to the facts in the case of Stovall's Estate v. A. Deweese Lumber Company, 222 Miss. 833, 77 So. 2d 291, and under the principles there enunciated, we are compelled to reject as unsound the aforesaid contention of the claimants.

 It is further contended on behalf of the claimants that the Commission erred in refusing to reopen the case for the introduction of further evidence. This was a matter within the discretion of the Commission under its Procedural Rule No. 7, and the record, in our opinion, discloses no abuse of such discretion.

We are accordingly of the opinion that the judgment of the court below should be and it is affirmed.

Affirmed.

*McGehee, C. J.,* and *Lee, Arrington* and *Ethridge, JJ.,* concur.