DRUEY *v.* INGALLS SHIPBUILDING CORPORATION, et al.

No. 41210 October 12, 1959 114 So. 2d 772

278

*Carl E. Berry, Jr.,* Hattiesburg; *William S. Murphy,* Lucedale, for appellants.

*White & White,* Gulfport, for appellees.

Holmes, J.

The widow, two children and a grandchild of Milton Thomas Druey, deceased, claiming as dependents of the said deceased, brought this action against Ingalls Shipbuilding Corporation and its insurance carrier, American Mutual Liability Insurance Company, for benefits under the Mississippi Workmen's Compensation Law, claiming that at the time of the death of the said deceased

he was an employee of the Ingalls Shipbuilding Corporation in Pascagoula, Mississippi, and that his death arose out of and in the course of his employment.

Druey had previously worked for Ingalls, and in 1952 he suffered an eye injury during the course of his employment for which he was paid compensation benefits. His wife testified that as a result of this eye injury he was addicted to severe headaches. On the evening of June 10, 1957, while in the employment of Ingalls, the deceased was engaged in chipping. This entailed using an airgun, weighing from twelve to fifteen pounds, having an air hose connected with it, and applying it to steel for the purpose of cutting burrs off the steel. The operation causes vibration in the chipper. On the evening in question, while engaged in such type of work, he experienced a ringing or roaring in his head and he fell out or blacked out. He was immediately taken to Dr. T. N. Lockard, the company doctor in Pascagoula, and shortly thereafter taken to the hospital. Dr. Lockard did not testify but he filed a written report of the incident to the insurance carrier on June 13, 1957. The report was introduced in evidence. The report set forth the name of the deceased, his age (47 years), the date of the accident (June 10, 1957), and the patient's statement to him, namely: "Felt faint—pain in both shoulders, dizzy." The report further showed that the patient was nauseated and vomiting. The report contained no statement or opinion with reference to the question of causal connection between the deceased's work and his death. Dr. Lockard transferred the deceased to Mobile, Alabama, where he came under the care and treatment of Dr. H. S. Cowley. During the course of the deceased's treatment by Dr. Cowley, he underwent two or three operations, and on June 17, 1957, he died. Dr. Cowley diagnosed the cause of his death as "a rupture of an intracranial aneurysm which most probably was of a congenital nature." Dr. Cowley was not called as a witness by

either side, but a letter from Dr. Cowley was introduced in evidence wherein he gave his opinion as follows:

"It is our opinion that although he was working as a chipper for the Ingalls Shipbuilding Corporation, his death was not due to the type of work which he was doing. Rather, he died due to rupture of an intracranial aneurysm which most probably was of a congenital nature."

The initial hearing was had on August 20, 1957, before Hon. Frank Horton. At the outset of the hearing, counsel for the claimants announced that they desired to take the depositions of Drs. Lockard, Patton, Cowley, Mudd and a Dr. Earl Wert. After hearing the testimony of several witnesses, the hearing was recessed. It was not resumed until June 24, 1958, approximately ten months later, when a hearing was had before Hon. J. T. Hill, Attorney-Referee. Although counsel for claimants had announced at the outset of the initial hearing that he desired to take the depositions of several doctors, no depositions were offered and no doctor testified, and no medical testimony other than the written reports of Dr. Lockard and Dr. Cowley was offered and introduced in evidence. At the conclusion of the second hearing, the attorney-referee found that the evidence was insufficient to show that the death of the deceased was in any way causally related to the activities of his employment on the date in question, and he denied the claim. On appeal to the full commission, the action and findings of the attorney-referee were affirmed, and the circuit court affirmed the decision of the commission.

 ██ The appellants seriously contend that the commission erred in not sustaining their motion to reopen the case for the hearing of further evidence. We think that the contention is not well founded. The motion in the first place was not made in writing at least five days prior to the date of the hearing as required by Procedural Rule 7 of the Workmen's Compensation Commission.

■■ And in the second place, the matter of reopening the case for the introduction of further evidence was a matter within the discretion of the Commission under its said Procedural Rule 7. We think that the Commission did not abuse its discretion under the facts of this case in denying the motion. This conclusion is definitely supported by the cases of West Estate v. Southern Bell Telephone Company, 228 Miss. 890, 90 So. 2d 1, and Ainsworth v. Long-Bell Lumber Company, et al., 100 So. 2d 100.

■■ It is further contended by the appellants that the findings and decisions of the attorney-referee, the Commission and the circuit court are contrary to the overwhelming weight of the evidence, and that there is no substantial proof to support the action of the attorney-referee, the Commission and the circuit court. We find no merit in this contention. The record discloses that no medical testimony was introduced by either side other than Dr. Lockard's report and Dr. Cowley's letter. Dr. Lockard's report does not throw any light whatever on the question as to whether or not the deceased's injury was causally connected with his work. Dr. Cowley, on the contrary, definitely stated that in his opinion, after having treated this deceased for several days, the work of the deceased was not causally connected with his death, but that the deceased came to his death as a result of an intracranial aneurysm, and that the rupture which resulted in his death was not caused or contributed to by the deceased's work.

■■ Of course, the burden of proof in this case was upon the claimants to show that there was causal connection between his work and his injury or death. ■■ The appellants offered no proof that such causal connection existed. The only proof in the record, as a matter of fact, as to whether or not such causal connection existed is the testimony of Dr. Cowley as set forth in his letter, and he stated definitely that in his opinion the

death of the deceased was not due to the type of work which he was doing. It is manifest, therefore, that the proof wholly fails to meet the burden resting upon the claimants to establish causal connection between his work and his death. It is manifest to us that the attorney-referee, the commission and the circuit court should be affirmed. There are numerous decisions of this Court which might be cited in support of this conclusion, but we think it is sufficient to mention only the following: Smith, et al v. St. Catherine Gravel Company, et al., 220 Miss. 462, 71 So. 2d 221; Ingalls Shipbuilding Corporation v. Howell, 221 Miss. 824, 74 So. 2d 863.

It follows from the views hereinbefore expressed that the judgment of the court below should be and it is affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Ethridge* and *Gillespie, JJ.,* concur.