CRUMP, D.B.A. CRUMP MOTOR COMPANY, et al. *v.* FIELDS

No. 43337 February 15, 1965 171 So. 2d 857

*Brewer, Brewer & Luckett,* Clarksdale, for appellants.

*Breland & Whitten,* Sumner, for appellee.

LEE, C. J.

L. J. Fields, in his claim against W. D. Crump d/b/a W. D. Crump Motor Company, and its insurer, was awarded workmen's compensation benefits by the attorney-referee. This action was approved and affirmed by the commission. On appeal to the circuit court, the order of the commission was affirmed. The case now appears in this Court on appeal.

L. J. Fields was 44 years old, married, and had four children. His education ended with the eighth grade. In 1953, he became an automobile body repairman, and he has followed that. occupation since. Beginning in October 1961, he was employed by W. D. Crump Motor Company. His average weekly wage was $75.00. On April 5, 1962, he painted a car with a new quick-drying enamel known as DL-60. Immediately he became ill and was hospitalized at Charleston for several days. When Dr. G. L. Biles, his family physician, saw him later and learned that he had been diagnosed as having heart trouble, he did not agree. On June 18, 1962, Fields returned to his work, came in contact with the same paint again, and immediately noticed a definite shortness of breath. He also wheezed and had hard knots to break out over his body. He was treated by Dr. Biles and sent to Clarksdale for hospitalization under the care of Dr. W. N. Crowson, who made a report thereon on July 17, 1962. After several weeks, claimant returning to his work about the middle of October, again came in contact with the same paint substance, and immediately suffered another severe attack. After this episode, Dr. Biles sent his patient to the Henry Hay Fever and Asthma Clinic in Memphis. There he was subjected to

numerous tests and examinations by Dr. W. W. Taylor. It was definitely shown that he had a positive reaction against this particular paint, and the doctor advised that he could not continue his occupation, if subjected to further exposure.

There was also testimony by fellow-workers and a former employer to the effect that Fields had never suffered any such experience. As a matter of fact, all of the evidence was to the effect that the claimant had no trouble of any kind; that he had been a hard worker, equal if not superior, to his colleagues; and that he had never gone to a doctor in his life except one time, and then only for a cold.

The evidence of Dr. Biles was to the effect that this exposure to the paint caused Fields' asthmatic condition with the result that he would never be able to do that kind of work again. The other four doctors gave somewhat similar reports and agreed that he would never be able to do that kind of work in the future.

The attorney-referee appointed Dr. Watts R. Webb, an Associate Professor of Surgery at University Hospital, to examine the claimant. The doctor did so, and subsequently reported his findings on June 7, 1963. Like the other doctors he diagnosed the situation as a generalized obstructive pulmonary emphysema. While being of the opinion that the emphysema had developed over several years as a result of cigarette smoking, it was his opinion that the exposure to the paint spray was an acute and severely aggravating factor. However, the evidence for the claimant was that, while he used to smoke a package of cigarettes a day, he had reduced such use to about a half pack a day. Besides, there had never before been any trouble with this man from such a condition.

Conceding that Dr. Webb's evidence was susceptible of an interpretation of a pre-existing handicap, at the same time, other evidence, as well as medical, conflicts

with that view. At any rate no one attempted to say to what extent, if any, the severe attack was influenced by any pre-existing trouble. The triers of fact did not make any apportionment of benefits.

The first question is whether the attorney-referee erred, as appellants contend, in failing to make an apportionment of compensation because of the alleged pre-existing disease, handicap, or lesion.

 █ If the claimant had a pre-existing condition, which contributed to his total disability, the appellants did not meet the burden resting upon them. Cuevas v. Sutter Well Works, 245 Miss. 478, 150 So. 2d 524 (1963). In that case the opinion named the factors which necessarily had to exist, namely: The pre-existing condition had to exist, it had to be shown by medical findings to be a material contributing factor in the results, and the compensation reduced by that proportion which the pre-existing condition contributed to the production of the results following the injury. Besides, it was there held that the evidence to support the commission's finding on all of those factors had to be substantial. See also Federal Compress & Warehouse v. Clark, 246 Miss. 868, 152 So. 2d 921 (1963), which reaffirmed the rule in Cuevas v. Sutter Well Works, *supra*. See also Southeastern Construction Co. v. Dependent of S. W. Dodson, dec., 247 Miss. 1, 153 So. 2d 276 (1963). See also Dunn, Mississippi Workmen's Compensation section 94.6 (1963 Supp.).

The next problem, as assigned by the appellants, is whether the attorney-referee and then the commission erred in refusing to re-open the cause for rehearing on the question of an apportionment of benefits.

In order that the controversy may appear in proper focus, it is necessary to keep in mind that, after the claim had been filed, the appellants filed their answer, denying that any disability, temporary or permanent, grew out of or in the course of claimant's employment.

There was no claim of any relationship to a pre-existing disease, etc. The evidence was taken. The attorney-referee appointed Dr. Webb to make an examination. The doctor reported the result of his examination to appellants' counsel on June 7, 1963. There was no prompt motion to the attorney-referee to reopen for further evidence. Finally, on September 18, 1963, the attorney-referee announced his decision. It was not until September 30, 1963, that a motion to reopen was filed with the attorney-referee, and even then, it was conceded as follows: ''The said medical report does not state specifically that the claimant had a pre-existing condition as pointed out by the attorney referee in the order in this cause dated September 18, 1963. However, the report does state, 'almost certainly his pulmonary emphysema had developed over many years, primarily as a result of his cigarette smoking . . .' Further on in his report, Dr. Webb states, 'The paint, however, probably precipitated an acute episode that had its transient effects and does not cause a persistently deleterious and progressive effect . . .' ''

In Druey v. Ingalls Shipbuilding Corporation, 237 Miss. 277, 114 So. 2d 772 (1959), this Court at pages 282-3 said: ''The appellants seriously contend that the commission erred in not sustaining their motion to re-open the case for the hearing of further evidence. We think that the contention is not well founded. The motion in the first place was not made in writing at least five days prior to the date of the hearing as required by Procedural Rule 7 of the Workmen's Compensation Commission. And in the second place, the matter of re-opening the case for the introduction of further evidence was a matter within the discretion of the Commission under its said procedural Rule 7. We think that the Commission did not abuse its discretion under the facts of this case in denying the motion. This conclusion is definitely supported by the cases of West Estate v.

Southern Bell Telephone Company, 228 Miss. 890, 90 So. 2d 1, and Ainsworth v. Long-Bell Lumber Company, et al., 101 So. 2d 100.''

Again, this Court in Wells-Lamont Corporation v. Watkins, 247 Miss. 379, 151 So. 2d 600 (1963), in announcing the general rule as to reopening causes, at page 388 thereof made the following observation: ''It may be said as a general rule that the right to reopen proceedings to take further evidence in workmen's compensation hearings is within the sound discretion of the hearing officer. 100 C. J. S., Workmen's Compensation, Sec. 596, pp. 843-844; Barfield v. Morris, 311 P. 2d 235; Ainsworth v. Long-Bell Lbr. Co., 233 Miss. 38, 101 So. 2d 100; Druey v. Ingalls Shipbuilding Corp., 237 Miss. 277, 114 So. 2d 772.''

In the Wells-Lamont Corporation case, *supra,* there was a dismissal of the claim; and the question was whether the attorney-referee had acted prematurely. The opinion held that, under the particular facts therein, the attorney-referee had acted prematurely. There is no such question involved in this consideration.

██ █ Litigated controversies should be disposed of on one hearing instead of by piecemeal. The pleadings should be shaped toward that end. Amendments are of course liberally allowed so that the truth may be ascertained. ██ █ But after the parties have all had their day in court, and a decision is rendered, the triers of fact must be permitted to exercise a sound discretion as to whether the cause may then be reopened for the purpose of hearing a new and entirely different question. *Cf.* Rigdon v. General Box Co., 249 Miss. 239, 162 So. 2d 863, where this Court has declined, on suggestion of error, to entertain a new question as proper to be raised.

The triers of fact had abundant evidence to justify the award which they made. Besides, there was no abuse of discretion in refusing to reopen the cause for a fur-

ther hearing on a new question. The cause must therefore be affirmed.

Affirmed.

*Ethridge, Rodgers, Patterson and Inzer, JJ.,* concur.