JONES, Justice:
Appellee was injured on February 15, 1963, while working for Fowler Hereford Farm. The injury occurred when a bull, which the appellee was helping to wash in preparation for it to be shown in a cattle show, leaned against him, pressing him against the wall of the barn. The carrier voluntarily assumed payments for total disability and paid benefits until about August 9, 1963, at which time the carrier was advised by the doctor that appellee had reached maximum medical recovery with a five percent permanent partial disability of the whole man. Upon receipt of this informaton, the insurance carrier ceased all payments for about a year.
The doctor who had discharged the ap-pellee as being able to return to work saw him as late as October of that year. The doctor testified that at that time the ap-pellee was still complaining of pain. It had been found after the injury that the appellee had some injured discs for which an operation was performed. It was after the operation that the doctor had reported that the appellee had reached maximum medical recovery.
On January 20, 1964, still complaining and being dissatisfied with the report of the previous doctor, appellee entered the Veterans Administration Center in Jackson, Mississippi,' where he was examined and kept in the hospital for sixteen days. He was found to be having muscle spasms with a minimal amount of neurological deficit. He was put in traction and given tranquilizers or muscle relaxants. He was discharged from the hospital on February 5, but afterwards returned on occasions as an outpatient. The doctor at the Veterans Administration Center testified that in May of 1964, the appellee still suffered recurring local pain, particularly of the lower back. The doctor then reported: “I do not believe we can help.”
This doctor rated his permanent partial disability at ten to twenty percent. The doctor’s testimony was that the appellee was still suffering with pain and soreness; and, while there was some evidence of traumatic psychoneurosis, this was true only “in part.”
Of course the appellee himself testified of his pains, incapacities, and limitations on his work capacity or ability. He testified that the superintendent of Fowler Farms discharged him because he was not able to do the work. He also testified of other jobs where he could do light work but could never do any heavy work. This was in accord with the testimony of the Veterans Administration doctor, who stated that the appellee’s symptoms were compatible with the history of his injury.
When the hearing on the appellee’s claim was completed, the attorney-referee for the Workmen’s Compensation Commission found first that the appellee had received an accidental injury which arose out of and in the course of his employment, of which the employer-carrier had notice within the *624 period of time prescribed by law, and for which medical services were required. Second, he found that the average weekly wage of the appellee was $43.84. Third, he found that the appellee was temporarily totally disabled from March 1, 1963, to November 1, 1963, and also for the period beginning January 20, 1964, to February 6, 1964, at which time he reached maximum medical recovery. The attorney-referee’ also held that the Veterans Administration Center had complied with section 7 of the Workmen’s Compensation Act and with General Rule 9 of the Mississippi Workmen’s Compensation Commission and that, further, the Center was entitled to have its bill paid. The attorney-referee also found that the findings of the Veterans Administration doctor upset the findings of the employer-carrier’s doctor and that as a result of the injury the appellee suffered a permanent partial disability causing him a wage earning capacity loss of $25 per week.
The appellee was thereupon allowed benefits in accordance with the findings mentioned.
The Workmen’s Compensation Commission affirmed the attorney-referee’s findings, which, thereupon, became its own findings. On appeal to the Circuit Court ■of Lamar County, the award was again affirmed, and from that court the case •comes here.
There are a number of assignments of error. We do not deem it necessary to discuss all of the assignments of error, but will mention those which we think should be discussed. Although, as will be readily understood from the above, we have not stated the evidence in detail, there was substantial evidence to' sustain the findings of the Commission.
The Commission found the average weekly wage of the appellee to be $43.84 and one of the assignments of error attacks this finding.
The proof with respect to this finding is that the appellee, in addition to earning a salary of $125 per month was furnished a nice home in which to live, received his gas free, received $5 a month on his electricity bill, received a large supply of milk per day, and was allowed a garden spot. These various items in addition to his salary render it impossible for us to say that there was no substantial evidence supporting this finding of the Commission.
There were two witnesses including the appellee who testified about the incident in the barn. About three months after the hearing before the attorney-referee had been concluded, the appellants filed a motion requesting that the testimony of one Dennis Ray Dickerson be taken at the full review hearing. After considering this petition, the Commission overruled it. This was assigned as error.
The taking of additional testimony before the Commission is within its discretion. Druey v. Ingalls Shipbuilding Corp., 237 Miss. 277, 114 So.2d 772 (1959); Mississippi Workmen’s Compensation Commission Procedural Rule 9; Dunn, Mississippi Workmen’s Compensation § 333 (2d ed. 1967).
 In assignments of error 5 and 6, appellants question the amount of payments during temporary total disability and permanent partial disability as fixed by the Commission. However, these amounts are in conformity with the weekly wage of $43.84 hereinbefore mentioned, and with the loss of earning capacity of $25 per week, as found by the Commission. As to disability, the Commission had the right and duty to consider all the evidence, including the testimony of both laymen and physicians. Mississippi Products Inc. v. Skipworth, 238 Miss. 312, 118 So.2d 345 (1960).
With regard to the claim of the Veterans Administration Center for examination and treatment of the appellee, the Commission found that the Center had complied with section 7 of the Workmen’s Compensation Act and General Rule 9 of the *625 Commission and, therefore, was entitled to have its bill paid by the employer-carrier for any treatment rendered to the ap-pellee. It further found that the findings of the Veterans Administration doctor upset the findings of the employer-carrier’s doctor. In the order of the Commission, the employer and carrier were directed to pay the costs of medical services and supplies as provided by section 7 of the Mississippi Workmen’s Compensation Act as amended, including the Veterans Administration bill. The latter bill amounted to several hundred dollars. The order of the Commission does not state what amount of the bill is to be paid by the appellants, but simply orders the appellants to “pay the cost of medical services and supplies as provided by Section 7” of the Act. If it was intended by this that the entire bill be paid, this was error. Inasmuch as the appellee did not request any further medical treatment from the employer but sought it of his own volition and with no request to them, section 7(e) of the Act would be applicable and that section limits the payment of such doctors’ bills to the sum of $100.
It is also assigned as error that the appellants were required to pay the ten percent penalty as provided by section 13(e) of the Act. Appellee had stopped all payments on receipt of the report from the first doctor in August, 1963. These payments were suspended from August, 1963, to sometime in 1964 without any order from the Commission and without any notice of their cessation to the Commission. The penalties were authorized. Dunn, Mississippi Workmen’s Compensation § 299 (2d ed. 1967).
Subject to the modification, if necessary, regarding the bill of the Veterans Administration Center for medical services and treatment, the case is affirmed.
Affirmed.
GILLESPIE, P. J., and BRADY, INZER and ROBERTSON, JJ., concur.