BRADY, Justice:
This is a workmen’s compensation case. This is an appeal from the Circuit Court of Warren County, Mississippi, wherein an order of the attorney referee and the Workmen’s Compensation Commission was reversed and the cause remanded to the Commission for further proceedings under the entire workmen’s compensation law.
On April 7, 1966, the appellant, Julius R. Marshall, sustained an accidental injury which arose out of and in the course of his employment. He was struck in the head by a bolt thrown from a spinner machine and sustained a depressed skull fracture in the right frontal region. Surgery was performed by the company doctor, Dr. H. E. Kellum, a general and thoracic surgeon, and the appellant was discharged as cured, *245 with no disability, on June 11, 1966, and returned to work on June 13,1966.
Marshall developed severe headaches, with dizziness, vertigo and impaired memory, and was returned to Dr. Kellum who called Dr. Walter R. Neill, a neurosurgeon, into consultation on July 14, 1966. After hospitalization and an arteriogram, it was Dr. Neill’s opinion that the claimant’s condition was the result of a post traumatic syndrome neuralgia, which in time would go away.
There were a total of five hearings, three at the request of the appellant and two at the request of the appellees, in the above styled case. Dr. Kellum and Dr. Neill testified that the appellant did not have any disability, and at the conclusion of Dr. Neill’s testimony the appellant was granted a recessed hearing over the objection o' the appellees in order that he could go to another doctor. This was on January 3, 1968, at which time the appellees had rested their case.
On January 8, 1968, the appellant saw Dr. O. J. Andy, a neurosurgeon, who, after examining the appellant, recommended surgery for the removal of adhesions and the excision of scar tissue in the injured area.
The hearings noted above were held on May 23, 1967, August 10, 1967, October 3, 1967, January 3, 1968, and the hearing for taking of the additional doctor’s testimony was May 24, 1968. It is claimed by the ap-pellees that on the eve of this hearing for the purpose of taking Dr. Andy’s testimony, the appellees discovered for the first time that the appellant had worked approximately seven and a quarter months for Big Rivers Shipbuilding Company, Inc., performing much harder and more strenuous work than he had performed for the Oliver Electrical Manufacturing Compam-The appellant did not give Dr. Andy the history of being employed by Big Rivers during this period. Appellant told Dr. Andy that every time he got hot he had seizures of “fall-out spells” and was not able to work. He further did not give Dr. Andy the history of the grand mal seizures or petit mal seizures as reflected by his medical history in the records of the VA Hospital in 1961, which was prior to the injury.
At the conclusion of Dr. Andy’s testimony, the appellant rested his case. At this point the appellees attempted to call the appellant to cross examine him about the false medical history given to Dr. Andy. The attorney referee did not permit this and suggested that a motion to reopen would be the proper procedure. At this point the appellant and the appellant’s attorney left the hearing room. The appel-lees’ attorney at this point dictated into the record what was proposed to be proved by the witnesses who were present for the ap-pellees but were not allowed to testify. The appellees then filed a petition for reopening of the case before the attorney referee, alleging that after they had rested their case and prior to the hearing on May 24, 1968, they had discovered the new evidence, being the seven and a quarter months’ work by the appellant at Big Rivers Shipbuilding Company.
On June 28, 1968, the attorney referee rendered his order. He found as follows:
1. That claimant sustained a severe head injury and developed disabling headaches which caused him to cease work on July 14, 1966;
2. That since that date claimant has been temporarily and partially disabled;
3. That wages actually earned during such period of temporary and partial disability are the best evidence of his wage earning capacity;
4. That the evidence is insufficient to make an adjudication that claimant has ever had seizures;
5. That claimant should be examined by a neurosurgeon, neurologist or an internal medicine specialist to determine if *246 claimant has reached maximum medical recovery and his permanent disability, if any, is evaluated; and
6. That the examination and written narrative report of Dr. O. J. Andy upset the previous medical findings.
He denied the petition to reopen.
Appellees simultaneously filed a petition for the reopening of the decision and a petition for review. The full Workmen’s Compensation Commission affirmed the award of the attorney referee. The appel-lees appealed this decision to the Circuit Court of Warren County, Mississippi, where the circuit judge reversed the Commission and remanded the case to the Commission for further proceedings under the-entire Mississippi Workmen’s Compensation Law. From this decision an appeal is taken.
The appellant assigns eight errors which boil down to one question: Did the attorney referee abuse his discretion in denying the admittance of the extra testimony and, if so, was this reversible error? The general rule appears to be that the matter of the reopening of a case for the introduction of further evidence is within the discretion of the Commission under its procedural rule number seven and the refusal of the Commission to reopen will not be reversed in the absence of an abuse of such discretion. Fowler Hereford Farm v. Madden, 207 So.2d 622 (Miss.1968); Ainsworth v. Long-Bell Lumber Co., 233 Miss. 38, 101 So.2d 100 (1958). However, when the attorney referee abuses his discretion the case will be reversed and reopened before the Commission as was pointed out in Wells-Lamont Corporation v. Watkins, 247 Miss. 379, 387-388, 151 So.2d 600, 604 (1963), where this Court stated as follows:
As a general rule, even in formal hearings in a regular trial court, the reopening of a case for the purpose of showing facts vital to the issue involved, is liberally allowed by the trial judge and a failure to do so may be considered an abuse of judicial discretion. (Emphasis added.)
In the case of Moreland v. Newberger Cotton Co., 94 Miss. 572, 48 So. 187, this Court said: “In this state of the record we are forced to conclude that the learned judge should have permitted plaintiff, even after argument, to reopen his case and prove, if he could, the nonexistence of the custom as to payment, upon the existence of which defendant’s whole case rested. The peremptory instruction can be justified only upon the idea that there was no conflict in the testimony, and the plaintiff ought to have been permitted, we think, though the application was out of time, to go before the court and jury upon all the facts of his case. The right of the cause demanded it in this particular case, and we think that the discretion of the court in this particular was not properly exercised.”
In the case of F. W. Woolworth Company v. Freeman, 193 Miss. 838, 11 So.2d 447, this Court said: ‘One other contention of the appellant is that the court below erred in permitting the appellee to testify further after she had rested her case and after a motion to exclude her evidence had been made. No error here appears; on the contrary, the court below would have abused its discretion had it not permitted the introduction of this evidence.” (Emphasis supplied.)
The right to reopen proceedings for the purpose of introducing testimony inadvertently omitted has been liberally allowed, even in criminal trials on formal hearing. See Lee v. State, 201 Miss. 423, 29 So.2d 211, 30 So.2d 74; Summerville v. State, 207 Miss. 54, 41 So.2d 377.
It may be said as a general rule that the right to reopen proceedings to take further evidence in workmen’s compen *247 sation hearings is within the sound discretion of the hearing officer. 100 C.J. S. Workmen’s Compensation § 596, pp. 843-844; Barfield v. Bill Morris Tank Co., Okl., 311 P.2d 235; Ainsworth v. Long-Bell Lumber Co., 233 Miss. 38, 101 So.2d 100; Druey v. Ingalls Shipbuilding Corp., 237 Miss. 277, 114 So.2d 772.
In the instant case, we are of the opinion that the attorney-referee should not have dismissed the claim until it had been fully developed, and we are of the further opinion that the Workmen’s Compensation Commission should have permitted the introduction of the testimony on the motion of appellant under the peculiar circumstances in this case.
The order of the circuit judge setting aside the order of Workmen’s Compensation Commission will therefore be affirmed and this case will be remanded to the Commission for further proceedings in accordance with this opinion.”
The cases holding that the allowing of further testimony is strictly a matter for the discretion of the Commission are legion but under the facts in this case, and particularly in the attorney referee’s finding number six that “the examination and written narrative report of Dr. O. J. Andy upset the previous medical findings,” demand that further testimony be taken for the purpose of qualifying Dr. Andy’s testimony and that this takes the case out of the realm of discretion and places it in the realm of suppression of evidence. For this reason the judgment of the circuit court is affirmed and the case is remanded for further proceedings by the Commission under the Workmen’s Compensation Act.
Affirmed.
ETHRIDGE, C. J., GILLESPIE, P. J., and JONES and ROBERTSON, JJ., concur.