353 So.2d 763 (1977)
Robert A. NELSON
v.
HOME INSURANCE COMPANY.
No. 49748.
Supreme Court of Mississippi.
December 14, 1977.
*764 Fred A. Ross, Jr., Jackson, for appellant.
Watkins & Eager, James L. Carroll, Michael W. Ulmer, Thomas M. Murphree, Jr., Jackson, for appellee.
Before PATTERSON, ROBERTSON and SUGG, JJ.
ROBERTSON, Justice for the Court.
Robert Nelson brought suit on a contract of insurance against the Home Insurance Company in the County Court of the First Judicial District of Hinds County, Mississippi, to recover the value of two guns allegedly stolen from him.
After Nelson rested, Home moved for a directed verdict, which motion was sustained by the county court. The court based its decision on Nelson's failure to prove the actual value of the two guns at the time of the theft. Before the court ruled on the motion, Nelson moved to reopen for the purpose of proving the actual value of the two guns stolen.
The county court overruled plaintiff's motion to reopen. Nelson appealed to the circuit court, which affirmed the judgment of the county court.
Nelson appeals, assigning as error:
(1) The trial court erred in denying the Appellant's motion to reopen for the limited purpose of establishing the value of the chattels in question as of the date of their theft.
(2) The trial court erred in sustaining the Appellee's motion for a directed verdict.
Accompanied by Frank Schlosser Jr. and Paschal Townsend, Nelson flew to Chicago on March 21, 1975, on a business-pleasure trip. He rented a two-door Ford Granada. On March 23rd, after participating in a gun-shooting contest and eating supper thereafter, the three of them returned to their motel room about 11:00 p.m. The testimony of Nelson, Schlosser and Townsend was that the two doors of the car were locked. Nelson left his two-gun case containing a Winchester Model 21, Custom Grade, Double Barrel Shotgun, and an Aproxy (Perazzi) MX8 over-under Trap Gun, made in Italy, on the floorboard of the car between the front and back seats.
About 8:30 the next morning, when they went out to the car, Schlosser noticed that the right door was unlocked and the guns were missing. While the right door was unlocked the left door was still locked.
The police were called and one policeman came out to investigate. The investigating officer commented that he could find no evidence of forcible entry.
The only evidence of forcible entry discovered by Nelson, Schlosser and Townsend was a scratch on the rubber trim around the window of the door. One witness testified that this scratch was on the trim around the left door, another that it was on the trim around the right door.
*765 When Nelson returned to Jackson, he notified Home Insurance Company of his loss. Home denied liability because the police report listed no visible evidence of forcible entry as required by the following provision of the insurance policy:
"3. THIS POLICY DOES NOT INSURE AGAINST:
.....
(d) Loss or damage caused by theft or pilferage of the insured property while left unattended in or on any automobile unless such automobile is equipped with a fully enclosed body or compartment, and the loss be a direct result of violence or forcible entry (of which there shall be visible evidence) from a fully enclosed body, the doors and windows of which shall have been securely locked, or from a compartment which shall have been securely locked;" [Emphasis added].
At the trial on March 16, 1976, Nelson testified that he had paid $2600 for the Winchester Model 21, but that the list price today was around $3750. He testified that he paid $1400 for the Italian gun, but that the replacement cost today was $1995.
As to value of the property lost or stolen, the policy provided:
"4. Valuation. The Company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs and the loss or damage shall be ascertained or estimated according to such actual cash value with proper deduction for depreciation, however caused, and shall in no event exceed what it would then cost to repair or replace the same with material of like kind and quality." [Emphasis added].
There was no testimony as to "the actual cash value" of these two guns "at the time" they were stolen.
Home's motion for a directed verdict was based on these two grounds:
(1) That there was no visible evidence of forcible or violent entry, and
(2) That there was no evidence of the actual cash value of the guns at the time of the loss.
The court, in ruling on the motion for a directed verdict, stated that he was not concerned with the lack of evidence of forcible entry because "they [thieves] are so professional they can just barely touch an automobile and get in it". We are inclined to agree with this observation of the lower court.
The court further commented: "My only concern right now is whether or not counsel may reopen". The court then overruled plaintiff's motion to reopen for the limited purpose of establishing the value of the guns at the time of the theft and sustained the motion for a directed verdict on the ground that the actual cash value at the time of the loss had not been proved.
We think the county court was in error in overruling the plaintiff's motion to reopen his case for the limited purpose of proving the actual cash value of the guns at the time of the theft.
In Marshall v. Oliver Electric Manufacturing Company, 235 So.2d 244 (Miss. 1970), this Court said:
"As a general rule, even in formal hearings in a regular trial court, the reopening of a case for the purpose of showing facts vital to the issue involved, is liberally allowed by the trial judge and a failure to do so may be considered an abuse of judicial discretion. [Emphasis added].
"In the case of Moreland v. Newberger Cotton Co., 94 Miss. 572, 48 So. 187, this Court said: `In this state of the record we are forced to conclude that the learned judge should have permitted plaintiff, even after argument, to reopen his case and prove, if he could, the non-existence of the custom as to payment, upon the existence of which defendant's whole case rested. The peremptory instruction can be justified only upon the idea that there was no conflict in the testimony, and the plaintiff ought to have been permitted, we think, though the application was out of time, to go before the court and jury upon all the facts of his case. The right *766 of the cause demanded it in this particular case, and we think that the discretion of the court in this particular was not properly exercised.'
"In the case of F.W. Woolworth Company v. Freeman, 193 Miss. 838, 11 So.2d 447, this Court said: `One other contention of the appellant is that the court below erred in permitting the appellee to testify further after she had rested her case and after a motion to exclude her evidence had been made. No error here appears; on the contrary, the court below would have abused its discretion had it not permitted the introduction of this evidence.'
"The right to reopen proceedings for the purpose of introducing testimony inadvertently omitted has been liberally allowed, even in criminal trials on formal hearing. See Lee v. State, 201 Miss. 423, 29 So.2d 211, 30 So.2d 74; Summerville v. State, 207 Miss. 54, 41 So.2d 377." 235 So.2d at 246.
We are of the opinion that the county court should have allowed the plaintiff to reopen his case to prove the actual cash value of the two guns at the time of the loss.
The judgment of the circuit court, affirming the judgment of the county court, is, therefore, reversed and this cause remanded for a new trial.
REVERSED AND REMANDED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.