SCOTT BUILDERS, INC., et al. *v.* DEPENDENT OF LAYTON, DEC'D.

No. 42383          October 1, 1962          145 So. 2d 165

*Watkins & Eager,* Jackson, for appellant.

*Pyles & Tucker,* Jackson, for appellee.

ETHRIDGE, J.

Appellee, Mrs. Marguerite Layton, the claimant, is the widow of Joseph Lee Layton, deceased. Her claim for death benefits under the Workmen's Compensation Act was denied by the attorney referee, a facility of the Workmen's Compensation Commission, who sustained a motion to dismiss made by the employer and insurance carrier, appellants, after claimant presented her evidence. The Commission affirmed this order denying compensation. Miss. Code 1942, Rec., Sec. 6998-01. The circuit court reversed the Commission and remanded the case to it for a further hearing. We affirm the circuit court's judgment insofar as it reversed and remanded this claim to the Commission for a further hearing, but, in view of the incompleteness of the record, express no views on the factual and legal conclusions of that court at this stage of the proceedings.

Layton was a carpenter, doing special finishing work on houses constructed by appellant, Scott Builders, Inc. He was hit by another automobile while driving in his own car to work. According to the testimony of the claimant's witnesses, he had in his car at the time certain blueprints and saws on which he had worked the night before, and which he was taking to the job-site. On the route he pulled his car partly over on the side of the highway, got out, and was walking across the highway when a car hit him.

Hence the issues involve, first, the question of whether he was in the general course of his employment while going to work, within an exception to or qualification upon the general rule, that injuries received by an employee while going to or returning from work are not incident to the employment; and second, assuming he was in the course of employment, whether there was a deviation from it of more than insubstantial nature. Six to eight feet from his body was found a wallet.

The record does not indicate to whom it belonged. Nor is the record clear as to the regularity of work Layton did at home for the employer, whether he was paid separately for that work, whether home work was significant or essential for him to perform his other duties, and the significance of the presence in his car of the blueprints and saws. A full development in a hearing of these and other issues, by both appellants and appellee, would furnish the Commission and this Court with a more sound factual basis on which to decide this apparently close case.

The basic dual purpose rule, as formulated by Judge Cardozo in Marks v. Gray, 251 N. Y. 90, 167 N. E. 181 (1929), would be relevant for consideration on a full record. See 1 Larson, Workmen's Compensation Law, Secs. 18.00-18.44; Durr v. Schlumberger Oil Well Surveying Corporation, 227 Miss. 606, 86 So. 2d 507 (1956) (citing with approval the test in Marks v. Gray). On deviations, see 1 Larson, Secs. 19.00-19.63.

■■■ ■ This case illustrates the general impropriety of the Commission deciding a case on a defendant's motion to dismiss a claim, without hearing all of the facts. This is the second case reaching this Court which went off on a motion to dismiss. In L. B. Priester and Son, Inc. v. Dependents of Bynum, 141 So. 2d 246, 142 So. 2d 30 (Miss. 1962), the Commission sustained the employer's motion to dismiss the claim. It was reversed by the circuit court, which in turn was affirmed by this Court, and the cause was remanded for a full hearing on the merits. There was necessarily considerable delay in final disposition of that case. Here Layton was killed on October 20, 1959, and his widow filed her claim in March 1960. Yet there has never been a full hearing on the matter and this cause, under our affirmance of the circuit court, is being remanded to the Commission for full development of the facts. In a somewhat dif-

ferent posture was Holman v. Standard Oil Co., 242 Miss. 657, 136 So. 2d 591 (1962), where the Commission originally reversed the referee and ordered a full hearing. Thereafter defendants declined to introduce any further testimony.

■■ ■ Unless denial is based on matters which are jurisdictional or in abatement, the Workmen's Compensation Commission ordinarily should not dismiss a claim on a motion to dismiss, where it has not heard all of the evidence pertinent to the issues. The Commission is authorized to make such investigation and conduct such hearing "as best to ascertain the rights of the parties." Miss. Code 1942, Sec. 6998-28. It may make such investigations as it deems necessary. Code Sec. 6998-24. The statutes presuppose generally a full hearing on the merits, not dismissal on the pleadings and claimant's evidence. On such a motion, all reasonable inferences deducible from the evidence must be resolved in claimant's favor. Facts tendered by claimant are required to be accepted as true. 100 C. J. S., Workmen's Compensation, Sec. 422.

■■■ We do not say that a motion to dismiss is never proper, but the Commission should sustain such a motion only under the above-stated circumstances, or where, taking as true everything claimant's evidence tends to show, claimant clearly fails to establish that he is entitled to compensation. See 101 C. J. S., Workmen's Compensation, Secs. 782, 788, 790. The usual effects of sustaining motions to dismiss have been to delay final disposition of compensation cases and to work hardships upon litigants on both sides, whichever untimately may be entitled to prevail. See Karr v. Armstrong Tire and Rubber Co., 216 Miss. 132, 61 So. 2d 789 (1953) (reversing and remanding for full hearing on loss of wage-earning capacity).

The judgment of the circuit court, reversing the order of the Commission and remanding the matter to it for further hearing, is affirmed.

Affirmed.

*Lee, P. J., and Kyle, McElroy and Rodgers, JJ.,* concur.