## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CT-00412-SCT

*JACKSON COUNTY SCHOOL DISTRICT*

*v.*

*SOUTH MISSISSIPPI WORKERS' COMPENSATION FUND*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 02/10/97 |
| TRIAL JUDGE: | HON. BILL JONES |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MARGARET P. ELLIS |
| ATTORNEYS FOR APPELLEE: | BILLY W. HOOD |
| | AUSTIN R. NIMOCKS |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | REVERSED AND REMANDED - 10/07/99 |
| MOTION FOR REHEARING FILED: | 10/22/99; denied 12/16/99 |
| MANDATE ISSUED: | 12/23/99 |

## EN BANC.

## COBB, JUSTICE, FOR THE COURT:

### STATEMENT OF THE CASE

¶1. This case comes before this Court on an order issued by the Mississippi Workers' Compensation Commission to the Jackson County School District, directing the payment of $58,218 as an assessment against members to close out the South Mississippi Workers' Compensation Fund. The District paid the assessment under protest and appealed to the Jackson County Circuit Court, which affirmed. The District then appealed to this Court, which assigned the case to the Court of Appeals. The Court of Appeals affirmed the judgment of the circuit court. *Jackson County Sch. Dist. v. South Miss. Workers Compensation Fund*, 727 So. 2d 727 (Miss. Ct. App. 1998). We granted certiorari to consider the question of the applicability of Miss. Code Ann. § 71-3-55(2)(1995) to these proceedings. After consideration we find that the judgment of the Court of Appeals should be reversed, and the matter remanded to the Workers' Compensation Commission for further proceedings.

### STATEMENT OF THE FACTS

¶2. The Board of Trustees of the South Mississippi Workers' Compensation Fund ("Fund") voted to discontinue operations and cease providing workers' compensation coverage effective July 1, 1995. As the regulatory body responsible for the certification and regulation of self-insurance pursuant to Miss. Code Ann. § 71-3-75(1995), the Workers' Compensation Commission by order dated July 11, 1995, directed:

> (1) the Fund continue in operation under the Certificate of Authority previously granted the Fund by the Commission;

(2) that the Fund be placed under new management and continue its operations until such time as all claims, whether presently known or unknown, which are accrued through June 30, 1995, are resolved in accordance with the Workers' Compensation Law and rules of the Commission;

(3) that the Fund provide no new workers' compensation coverage on or after July 1, 1995, or assume no new liabilities or obligations, other than absolutely necessary to wind up the business of the Fund as to accrued claims;

(4) that the workers' compensation coverage of existing Fund members not be extended beyond June 30, 1995; and

(5) that said members secure replacement coverage for any accidents, injuries or illnesses accruing on or after July 1, 1995.

¶3. To administer the Fund, the Commission appointed a new Board of Trustees ("Board"), giving the Board full powers and duties necessary to carry out the purpose of the July 11, 1995, order and to wind up the affairs of the Fund, consistent with Workers' Compensation Law, MWCC General Rule 7, the applicable Certificate of Authority and the existing by-laws of the Fund. The change in management of the Fund was effective as of the date of the order.

¶4. The Commission also designated an actuarial consultant to provide actuarial and related consulting services and a certified public accountant to render financial, auditing, and related consulting services as were required by the Fund or the Commission. Mississippi Municipal Service Company was designated as the service company to fulfill the intent of the order, including but not limited to, claims adjustment, collection of assessments and fees, and any other service necessary to the successful administration of the Fund. Further, the order stated that "[a]ll members of the group whose membership therein has been terminated effective July 1, 1995, shall remain jointly and severally liable for workers' compensation obligations of the group and its members which were incurred or accrued during the members' period of membership."

¶5. On September 28, 1995, the Jackson County School District ("School District"), a Fund member since 1993, was advised that loss projections and recommendations on the assessment of each member to meet the deficit and close the books of the Fund for the Board's adoption was being developed by Mississippi Municipal Service Company.

¶6. On November 17, 1995, School District was notified of the adoption of the three-year assessment plan based on the projected ultimate losses of all members for the years of membership in the Fund including the short 1995 year period. The School District's assessment of $58,218 was allocated on the percentage of premium paid in each policy period.

¶7. On November 29, 1995, the Jackson County School District was notified that the Board would answer questions concerning the assessment at a meeting with Fund members on December 5, 1995. The record is silent as to whether a School District representative attended the meeting.

¶8. On March 13, 1996, the Board attorney, Billy H. Hood, advised the School District by certified mail to Dale Rivers that the 1996 assessment levied against the School District was past due and demanded immediate payment of the $58,218 assessment. On April 3, 1996, the Board, through its attorney, notified

the Commission that three Fund members, including Jackson County School District, had outstanding assessments. On April 8, 1996, Hood informed the School District that the matter was being turned over to the Commission for further action.

¶9. On April 23, 1996, the Commission, at the request of the Board of Trustees of the Fund, ordered the School District to pay the assessments levied against it by the Board, or to appear before the Commission on May 30, 1996, to show cause why payment had not been tendered and why further action should not be taken by the Commission to enforce or compel payment of these amounts.

¶10. On May 30, 1996, the representatives of the three delinquent member entities (Jackson County School District, George County Schools and Hattiesburg-Laurel Regional Airport) appeared before the Commission. Jim Lucas, a member of the Jackson County School District, attended but it is not known if he presented argument, as there is no transcript of this appearance in this record.

¶11. In its order of June 20, 1996, the Commission found:

> By letters dated April 8 and 9, 1996, the Board of Trustees for the Fund again notified this District that its 1996 assessment in the amount of $58,218.00 was past due. It demanded payment immediately and further advised that the matter of their delinquency was being turned over to the Commission for further action.
>
> To date, no payment has been tendered by the Jackson County School District and no legitimate reason explaining this failure has been offered. As to the Jackson County School District, we are well satisfied that the assessment levied against it is perfectly justified, actuarially and otherwise. We feel further that they have been given ample opportunity to pay and without adequate reason or excuse have failed to do so. We therefore direct and order the Jackson County School District to immediately tender payment to the Fund in the assessed amount of $58,218.00.

The Commission also found Jackson County School District liable for any and all future "actuarially justified assessments . . . levied by the Fund in furtherance of the July 11, 1995 Order of the Commission."

¶12. On June 21, 1996, the Board attorney sent to William H. Lee, Superintendent of Education, Jackson County Schools, a copy of the June 20 order affirming the assessment owed by the School District. The Board threatened to garnish school accounts if the assessment was not immediately paid. The Jackson County School District paid the $58,218 under protest and appealed to the circuit court, which affirmed. The School District then appealed. The Court of Appeals found that the School District raised its issues for the first time before the Jackson County Circuit Court, and the issues were therefore procedurally barred. The Court of Appeals also noted that there was no record made of the proceedings before the Commission, specifically the May 30, 1996, proceeding, and determined that the District's arguments were not supported by the record.

## ANALYSIS OF THE LAW

¶13. There is no transcript of the May 30, 1996, proceeding before the Workers' Compensation Commission which resulted in the June 20, 1996, order which ordered the Jackson County School District to pay the assessment of $58,218. The School District alleges throughout that this was not a "hearing," but only an informal "meeting," at which only two commissioners of the Commission were present and at which the commissioners had already made up their minds concerning the assessments and declined to consider

arguments from the three parties being assessed.

¶14. The School District relies on Miss. Code Ann. § 71-3-55(2)(1995), which states: "Hearings before the commission shall be open to the public and shall be stenographically reported or recorded and transcribed. The commission shall by regulations provide for the preparation of a record of the hearings and other proceedings." Construction of this statutory provision appears to be a question of first impression. In support of its conclusion that the School District's issues were not supported by a sufficient record, the Court of Appeals cited *Sawyer v. Head, Dependents of*, 510 So.2d 472, 474 (Miss. 1987), which states that "[i]n order to preserve a point for review by the Supreme Court, the point must be presented not only to the commission but also to the circuit court by an assignment of error there by direct or cross-appeal."

¶15. The School District alleges biased behavior by the Commission, ex parte contacts between the Fund and Commission, and refusal of the Commission to hear or consider arguments which were or could have been made at the May 30, 1996 hearing. The School District finally cites *Mississippi Transp. Comm'n v. Dewease*, 691 So.2d 1007 (Miss. 1997); *Monroe v. Broadwater Beach Hotel*, 593 So.2d 26 (Miss. 1992); and *Scott Builders, Inc. v. Dependent of Layton*, 244 Miss. 641, 145 So.2d 165 (1962), for the proposition that decisions of the Workers' Compensation Commission may be reversed where this Court finds that necessary facts were not presented to the Commission. These cases all involve injured claimants, not cases where the Commission was acting to settle a dispute over collection of insurance assessments.

¶16. After consideration of the significance of the question before us, and the futility of attempting to review it without a record, we find that § 71-3-55(2) must be observed and enforced according to its terms. The Commission erred in failing to record and transcribe the hearing in question. The judgments of the Court of Appeals and the Jackson County Circuit Court are reversed. The Workers' Compensation Commission's June 20, 1996, order is vacated, and this matter is remanded to the Workers' Compensation Commission with directions to conduct a new hearing on the record in compliance with Miss Code Ann. § 71-3-55(2) (1995), and to enter an appropriate order based on that record. In doing so we find that the Jackson County School District's allegations of bias by the Commission do not require special conditions on remand.

¶17. **REVERSED AND REMANDED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, SMITH, MILLS AND WALLER, JJ., CONCUR. McRAE, J., NOT PARTICIPATING.**