¶ 1. Dorothy Edwards filed a workers' compensation claim against her employer Wal-Mart and its insurance carrier, American Home Insurance Company (collectively referred to as "Wal-Mart"). The claim was dismissed, because Edwards did not file the required "Prehearing Statement." Edwards moved for reconsideration, but the Workers' Compensation Commission ruled that her motion came too late. On appeal to the Lincoln County Circuit Court, the Honorable Mike Smith affirmed the Commission's decision.
 ¶ 2. Edwards now appeals to this Court and asserts the following errors: (1) Mississippi Code Annotated Section 71-3-47
does not apply, (2) the trial court erred in upholding the Commission's decision under Section 71-3-53, (3) the Commission violated the Mississippi Administrative Procedures Act when it did not give her thirty days notice of its intent to dismiss her claim, (4) the Commission exceeded its legislative authority by shortening the time period to prosecute her claim, and (5) the Commission and trial court abused their discretion by not considering alternative sanctions. We find no error and affirm.
 FACTS ¶ 3. On March 20, 2001, Edwards filed a Petition to Controvert a claim against Wal-Mart. She claimed that she had suffered mental injuries during July of 2000.
 ¶ 4. The administrative judge conducted a periodic case review and noticed that Edwards had not filed a completed prehearing statement. Because Edwards had not yet reached maximum medical improvement, a prehearing statement was in fact premature at that point. However, Edwards had not asked for an extension of time. As a result, on March 22, 2002, the administrative judge dismissed Edwards's claim, without notice or a hearing, due to the absence of the required prehearing statement. The administrative judge's decision became final on April 11, 2002.
 ¶ 5. On November 7, 2003, Edwards filed a completed prehearing statement and then filed a motion to reinstate her case. Wal-Mart filed an objection. Nevertheless, the administrative judge reinstated the case on December 10, 2003. Wal-Mart then filed a motion for reconsideration.
 ¶ 6. During a hearing on March 5, 2004, Wal-Mart pointed out that the motion to reinstate was filed over a year after the dismissal became final. Four days later, *Page 1275 
the administrative judge once again dismissed Edwards's claim. The administrative judge's order stated that the dismissal was due to Edwards's failure to move for reinstatement within one year under "Section 71-3-47."
 ¶ 7. Edwards appealed the administrative judge's dismissal to the Commission. The Commission affirmed the dismissal. Edwards then appealed to the Lincoln County Circuit Court. However, the circuit judge affirmed the decision on a different basis. The circuit judge found the reinstatement to be time barred under the one year time period under Section 71-3-53 (Rev. 2000) and the two year period in Section 71-3-35 (Rev. 2000).
 STANDARD OF REVIEW ¶ 8. An appellate court must defer to an administrative agency's findings of fact if there is even a quantum of credible evidence which supports the agency's decision. Hale v. RulevilleHealth Care Ctr., 687 So.2d 1221, 1224 (Miss. 1997). "This highly deferential standard of review essentially means that this Court and the circuit courts will not overturn a Commission decision unless said decision was arbitrary and capricious."Id. at 1225; Ga. Pacific Corp. v. Taplin, 586 So.2d 823, 826
(Miss. 1991). Questions of law will be reviewed de novo. Smithv. Jackson Constr. Co., 607 So.2d 1119, 1125 (Miss. 1992).
 ANALYSIS I. Did the trial court misapply § 71-3-47 to Edwards's case?
 ¶ 9. Edwards claims that Mississippi Code Annotated Section71-3-47 (Rev. 2000) was incorrectly applied and argues two reasons. First, she claims that Section 71-3-47 does not set a one year period. Second, she claims that she did not get notice or a hearing before the administrative judge dismissed her case.
 ¶ 10. Section 71-3-47 of the Mississippi Code Annotated provides:
 Except as otherwise provided by this chapter, the details of practice and procedure in the settlement and adjudication of claims shall be determined by rules of the commission, the text of which shall be published and be readily available to interested parties.
 The commission shall have full power and authority to determine all questions relating to the payment of claims for compensation. The commission shall make or cause to be made such investigation as it deems necessary and, upon application of either party or upon its own initiative, shall order a hearing, shall make or deny an award, and shall file the same in its office.
 Informal conferences and hearings in contested cases may be conducted by a duly designated representative of the commission. Upon the conclusion of any such hearing, the commission's representative shall make or deny an award, and file the decision in the office of the commission. Immediately after such filing, a notice of decision shall be sent to all interested parties. This decision shall be final unless within twenty (20) days a request or petition for review by the full commission is filed.
 ¶ 11. Edwards is indeed correct that this statute does not mention a one-year limitations period. Instead, the statute only makes reference to a twenty day period in which an administrative judge's decision will become final, if not reviewed by the Full Commission. However, Section 71-3-47 grants the Commission "full power and authority to determine all questions relating to the payment of claims for compensation." The Commission may establish the "practice and procedure" for the "adjudication of all claims." Id. Procedural Rule 5 provides that the "[f]ailure of *Page 1276 
the claimant to timely file the prehearing statement may result in the dismissal of the case or other sanctions." Due to Edwards's untimely filing, there was no error in the administrative judge's dismissal of this action.
 ¶ 12. We are, however, concerned with the administrative judge's indecision in the reinstatement of Edwards's claim. The question we then turn to is whether the administrative judge erred when she dismissed Edwards's claim, the second time, for Edwards's "failure to request a reinstatement within the one-year period as set forth in Miss. Code Ann. § 71-3-47 (as amended)."
 ¶ 13. The administrative judge's first order of dismissal was dated March 22, 2002. Pursuant to Section 71-3-47, this order became final on April 11, 2002, because Edwards's did not seek Commission review of this decision within twenty days. It appears that the one-year period the administrative judge referred to was the one-year period in which the Commission has continuing jurisdiction over claims. Miss. Code Ann. § 71-3-53 (Rev. 2000). We discuss the applicability of this statute below. However, we find no reversible error on this issue.
 ¶ 14. We look now to Edwards's second contention with this statute. Edwards claims that since the administrative judge originally dismissed the case without a hearing, then the decision never became final under Section 71-3-47. Thus, she argues that the Commission did not lose continuing jurisdiction to hear her motion for reinstatement.
 ¶ 15. The Workers' Compensation Act anticipates a hearing before final disposition. Miss. Code Ann. §§ 71-3-47 and 71-3-53
(Rev. 2000). Ordinarily, there should be a hearing before a case is dismissed. Scott Builders, Inc. v. Dependent of Layton,244 Miss. 641, 648, 145 So.2d 165, 167 (1962). "Unless denial is based on matters which are jurisdictional or in abatement, the Workmen's Compensation Commission ordinarily should not dismiss a claim on a motion to dismiss, where it has not heard all of the evidence pertinent to the issues." Id.
 ¶ 16. "Abatement" is defined as "the suspension or defeat of an action for a reason unrelated to the merits of the claim."Black's Law Dictionary 2 (7th ed. 1999). Since Edwards's claim was dismissed on a procedural matter, rather than on its merits, this is a matter in abatement. Therefore, it did not warrant a hearing before it was initially dismissed. Scott Builders,244 Miss. at 648, 145 So.2d at 167. Since she was not entitled to a hearing, we need not decide whether lack of a hearing prevented the administrative judge's order from becoming final. Accordingly, we find no reversible error on this issue.
II. Did the trial court misapply § 71-3-53?
 ¶ 17. In the alternative, Edwards assumes that the administrative judge intended to dismiss her reinstatement because Edwards failed to file her motion within the one-year period set forth in Section 71-3-53. Edwards claims this one-year period only applies in cases in which an award has been made. Wal-Mart counters that a dismissal is a "rejection of a claim," as contemplated in the statute.
 ¶ 18. Mississippi Code Annotated Section 71-3-53 provides for the Commission's continuing jurisdiction over claims:
 Upon its own initiative or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact, the commission may, at any time prior to one (1) year after date of the last payment of compensation, whether *Page 1277 
or not a compensation order has been issued, or at any time prior to one (1) year after the rejection of a claim, review a compensation case, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation. Such new order shall not affect any compensation previously paid, except that an award increasing the compensation rate may be made effective from the date of the injury; and if any part of the compensation due or to become due is unpaid, an award decreasing the compensation rate may be made effective from the date of the injury, and any payment made prior thereto in excess of such decreased rate shall be deducted from any unpaid compensation in such manner and by such method as may be determined by the commission.
 ¶ 19. Edwards's argument that this statute only applies where there has been an award of compensation is without merit. The wording of the statute indicates that it applies in situations where there has been no compensation award. For example, it states that the Commission may review and or modify a case within one year after the date of the last payment of compensation, "whether or not a compensation order has been issued." Id. It further provides for one year of continuing jurisdiction starting from the "rejection of a claim," which necessarily means cases in which there was no award. Finally, one of the things for which the Commission may exercise its continuing jurisdiction is to "issue a new compensation order which may," among other things, "award compensation." Id. This option, when read in conjunction with the other options, presupposes that there was no award to begin with. Accordingly, we find that this issue lacks merit.
 ¶ 20. Edwards also argues that, instead of the one-year statute of limitations, the two year statute of limitations applies to her claim. She claims that if this Court were to allow the Commission to use the one-year from rejection of claim deadline under Section 71-3-53, then we would impermissibly allow the Commission to shorten the two year from date of injury deadline under Section 71-3-35. Thus, she claims it would allow the Commission to exceed its statutory authority.
 ¶ 21. We find that this argument does not apply to Edwards. Edwards was injured in July of 2000. Hence, if we assume the injury was on July 31, 2000, then Edwards would have had until July 31, 2002, to file for compensation benefits. Her claim was initially dismissed on March 22, 2002. This dismissal became final April 11, 2002. She had until April 11, 2003, to ask for Commission review of the dismissal. So in her case, the one-year rejection of claim deadline did not shorten the two-year date of injury deadline. Additionally, even using Edwards's calculation, the two-year deadline for filing under Section 71-3-35 would have expired before Edwards filed her motion for reinstatement, which was filed in November of 2003. We find no merit to this issue.
 III. Did the Commission violate the Mississippi Administrative Procedures Law by applying a new rule to Edwards's case?
 ¶ 22. Edwards's next argument is that the Commission had never before placed the one-year statute of limitations on motions for reinstatement. Edwards claims that this was a new rule announced in the Commission's decision in Russell v. City of Vicksburg, MWCC No. 98-04704-G-8395 decided June 17, 2003. She claims that because this was a new rule, the Commission violated the Mississippi Administrative Procedures Law when it retroactively *Page 1278 
applied the new rule in her case. Wal-Mart counters that it was not a new rule.
 ¶ 23. We find no merit to this argument and no need to address this issue. Edwards's argument, to support this issue, is that the two-year statute of limitations should apply. As discussed above and as she has conceded, the two-year period expired before Edwards filed her motion to reinstate.
 IV. Should the Commission have considered alternative sanctions?
 ¶ 24. Edwards argues the Commission abused its discretion when it failed to consider less drastic sanctions for her procedural shortcomings. Wal-Mart argues that the Commission did not have the jurisdiction to consider any other sanctions, since Edwards failed to move for reconsideration in a timely manner. Wal-Mart also claims that the dismissal was proper. We agree with Wal-Mart. Edwards failed to take the necessary action to appeal her dismissal to the Commission. We find no error.
 ¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY ISAFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THEAPPELLANT.
LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. KING, C.J., NOT PARTICIPATING.